RAYMOND V. HOMAN, SR., ET AL., Appellants, v. MARY CONNETT.—152 S. W. (2d) 1053.

Division Two, June 10, 1941.

Rehearing Denied, July 25, 1941.

*Earl C. Borchers* for appellants.

*John C. Landis, III, John Connett, Walter R. Brown, C. S. Hale* and *Guy V. Head* for respondent.

WESTHUES, C.—This suit was filed by plaintiff, Raymond V. Homan, Sr., and his wife, Hattie Homan, to quiet title to twenty acres of land situated in Buchanan County, Missouri, being the north half of the southeast quarter of the southwest quarter of section twenty-five, township fifty-seven, range thirty-four. The defendant, Mary F. Connett, claimed her title through conveyances having their origin in the foreclosure of a mortgage. There was a judgment for the defendant and plaintiffs appealed.

It was conceded that plaintiffs owned the land in the year 1922. In that year they executed a mortgage covering the land in question to secure the payment of a note in the sum of $7,500, made payable to the Federal Land Bank of St. Louis, Missouri. This mortgage was foreclosed and the sale was had on October 2, 1936. It was plaintiffs' contention at the trial that the proceedings under which the sale was had were fatally defective and therefore plaintiffs were not divested of their title. By the terms of the mortgage the mortgagee was authorized, in case a default occurred, to sell the land at public auction at the court house in Buchanan County, Missouri, first giving twenty days' public notice of the sale in a newspaper published in the county. The mortgage further authorized the mortgagee upon such sale to execute and deliver a deed conveying title in the land to the purchaser at the sale. The validity of the mortgage was not questioned. That there was a default was conceded. It was also conceded that a notice was published as required by the terms of the mortgage and that plaintiffs were not personally notified of the sale.

The mortgage did not provide for a sale by a trustee and a trustee was not named therein. The Federal Land Bank did not seek the appointment of a trustee through any proceeding in any court. The Federal Land Bank of St. Louis, by a resolution of its board of directors, appointed E. B. Garner its attorney in fact and authorized him to prepare public notices of foreclosure proceedings, to sell the land and convey the same to the purchaser. The Federal Land Bank, through its board of directors, also declared a default in the payments due on the note by the Homans. It ordered a foreclosure of the mortgage. Following these actions of the board of directors of the Federal Land Bank, Garner proceeded to advertise the Homans' land for sale. He executed a deed to the purchaser which was signed in the following manner:

> "The Federal Land Bank of
> St. Louis, a corporation
> "By: E. B. Garner
> Agent and attorney in fact.

"(Corporate Seal)
"Attest:
"E. B. Harris,
"Assistant Secretary"

This was followed by an acknowledgment before a notary public.

Appellant in his brief says:

"The mortgagee's deed, being executed by agent and alleged attorney in fact, was not a valid instrument of conveyance and did not in fact constitute an act of the corporation and transferred no title in and to the real estate in question to the Buchanan County National Farm Loan Association, or to any other person, particularly the defendant, Mary F. Connett.

"Sec. 3017, R. S. Mo. 1929, now Sec. 3404, R. S. Mo. 1939, as amended by Laws of 1937, p. 203."

This identical question was before the St. Louis Court of Appeals in Federal Land Bank of St. Louis v. Bross, 122 S. W. (2d) 35, l. c. 39 (2-4) (5). It was there decided that a conveyance by the Federal Land Bank through an attorney in fact was a valid conveyance. The question was well considered in that case and we approve the reasoning and conclusion reached by the Court of Appeals without reconsidering the question here.

Appellant alleged in his reply brief that authority of an agent or attorney in fact must be recorded, otherwise a notice of a foreclosure sale by the attorney in fact does not constitute constructive notice. The record in this case shows that the appointment of E. B. Garner as attorney in fact was recorded. Appellant's point is therefore without merit.

Appellant argues that no personal notice of the purported sale was given the Homans. The notice, as given, complied in all respects

with the provisions of the mortgage and with the statute pertaining to such notices. [See Sections 3463, 3464, R. S. Mo. 1939.] The notice was therefore sufficient and personal notice was not necessary. Since the mortgagee followed a proceeding authorized by the mortgage, which was not contrary to the provisions of our statute, it was not necessary for the Federal Land Bank to foreclose the mortgage through a proceeding in court. See Section 3462, R. S. Mo. 1939, which reads in part as follows:

"All mortgages of real or personal property, or both, with powers of sale in the mortgagee, and all sales made by such mortgagee or his personal representatives, in pursuance of the provisions of such mortgages, shall be valid and binding by the laws of this state upon the mortgagors, and all persons claiming under them, and shall forever foreclose all right and equity of redemption of the property so sold:"

Appellant in oral argument and also in his brief made a number of points based on the assumption that the Federal Land Bank of St. Louis was not a Missouri corporation but a foreign corporation. Appellant relied upon the provisions of Section 3482, R. S. Mo. 1939, prohibiting any foreign corporation from acting as a trustee in any deed of trust or other conveyance. A sufficient answer to that contention is that the Federal Land Bank of St. Louis is not a foreign corporation. In 14a C. J. 1214, sec. 3924, we read:

"A corporation created by an act of congress with powers co-extensive with the Union, assuming of course that in creating it congress acts within the scope of its powers, is not a foreign corporation within any state of the Union, any more than an act of congress is a foreign law within any state of the Union."

Missouri is a State of the Union and therefore the Federal Land Bank, domiciled in St. Louis, Missouri, is not a foreign corporation.

The judgment of the trial court is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.