Floyd DOTSON, Plaintiff-Respondent,

v.

E. W. BACHARACH, INC, Defendant and
Third-Party Plaintiff,
Willard W. Starr, Third-Party Defendant
and Appellant.

No. 46840.

Supreme Court of Missouri,

Division No. 2.

July 13, 1959.

Wm. F. Milligan, of Knipmeyer, Milligan, McCann & Millett, Kansas City, John E. Lancelot, McDonald, Tinker, Skaer, Quinn & Porter, Wichita, Kan., for appellant.

Arthur C. Popham, Arthur C. Popham, Jr., Kansas City, Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel, for respondent.

EAGER, Judge.

Plaintiff, Floyd Dotson, a resident of Kansas, filed suit in Jackson County on February 26, 1957, for personal injuries arising from an automobile collision. The collision occurred near Ft. Scott, Kansas, on June 30, 1956. Plaintiff alleged specific, primary negligence in several respects. The named defendant was E. W. Bacharach, Inc., a Missouri corporation, and service was duly had upon it. The driver of the other car was Willard W. Starr, also a resident of Kansas, who was alleged in plaintiff's petition to have been acting at the time within the scope of his employment for, and as agent of, the named defendant. Before answer was filed defendant Bacharach was granted leave to file, and it did file, a third-party petition against Starr; therein it alleged that if defendant was liable (or held liable) to plaintiff, then Starr was liable to defendant by way of indemnity, because defendant's liability, if any, would only result from Starr's negligent acts as its agent and upon the theory of respondeat superior. Apparently summons was issued for Starr, but neither a copy nor the specific order therefor is shown in the record; it could not be served because of his nonresidence. Defendant thereafter filed answer, consisting largely of denials, with a plea of contributory negligence. In due time Willard Starr, the third-party defendant, filed his entry of appearance and was given time to plead. Thereafter he filed an answer "to all pleadings," combined with a counterclaim against plaintiff Dotson. In the counterclaim Starr alleged the circumstances of the collision and sundry claims of specific, primary negligence on plaintiff's part, praying damages, both to his person and automobile, in the total amount of $50,000. Thereafter plaintiff filed various motions, including one to quash the order authorizing the filing of the third-party petition. This was overruled. The motion with which we are concerned was a motion of plaintiff to dismiss Starr's counterclaim for want of jurisdiction and venue. In this plaintiff alleged, generally, the fore-going facts, the fact that Starr had liability insurance coverage, that this policy afforded additional coverage to Bacharach and that the insurer's attorneys were defending for Bacharach, that the latter's claim of a right to indemnity was therefore fraudulent, and that Starr's attorneys and defendant's attorneys had conspired "for the filing of said counterclaim"; also, that plaintiff refused to accept Starr as a defendant and had made no claims against him, that Starr had not been served with summons but had voluntarily entered his appearance, and that no proper venue or jurisdiction of the counterclaim existed in the Missouri Court. On February 19, 1958, the court sustained this motion to dismiss and ordered that Starr's counterclaim "be and the same is hereby dismissed at said party's costs and that execution issue therefor." Within ten days Starr, the third-party defendant, filed his notice of appeal from that order.

We are met first by the contention in respondent-plaintiff's brief that the appeal is premature because this order did not constitute a final judgment. We would be required to determine this as a matter of jurisdiction even were the point not raised. Deeds v. Foster, Mo., 235 S.W. 2d 262, 265. In many cases our courts have held that a judgment, in order to be final and thus appealable under Section 512.020 RSMo 1949, V.A.M.S., must dispose of all parties and all issues in the case. Bays v. Lueth, Mo., 323 S.W.2d 236; Bennett v. Wood, Mo., 239 S.W.2d 325; Wicker v. Knox Glass Associates, 362 Mo. 614, 242 S.W.2d 566, 571; S. S. Kresge Co. v. Shankman, Mo.App., 194 S.W.2d 716, 717; Deeds v. Foster, Mo., 235 S.W.2d 262, 265. The principle has been held to preclude appeals from orders dismissing cross-claims, leaving other issues undisposed of. Kidd v. Katz Drug Co., Mo.App., 244 S.W.2d 605, 606; Stout Co. v. Inter-City Mfg. Co., Mo.App., 251 S.W.2d 978. Rule 3.29 (adopted Jan. 17, 1945) constitutes a modification of the doctrine to the extent therein provided; that Rule deals generally with

the ordering and holding of separate jury trials on specific claims, and with separate trials and orders for separate judgments on specific claims heard before the court without a jury. For discussions of the application of Rule 3.29, generally, see: the Stout Co. case, supra; Deeds v. Foster, Mo., 235 S.W.2d 262, 265; Weir v. Brune, Mo., 256 S.W.2d 810, 811; Bennett v. Wood, Mo., 239 S.W.2d 325. The most recent (and perhaps the most complete) discussion of the matter appears in Pizzo v. Pizzo, Banc, 365 Mo. 1224, 295 S.W.2d 377. There the court determined that the action of the trial court in hearing and disposing of three related counts in a cause by entering a separate judgment thereon, and in ignoring two wholly unrelated counts, should be construed as an order for a separate judgment in a non-jury trial under Rule 3.29; consequently, the judgment was held to be appealable, although there was "no express order for a separate judgment" (295 S.W.2d loc. cit. 381). In order to clear the atmosphere somewhat, Rule 3.29 was amended on Oct. 16, 1956, effective on May 15, 1957. The effective date of this amendment was prior to the filing of the present counterclaim, and more than nine months before the making of the order now appealed from. The pertinent part of Rule 3.29, as thus amended, is as follows: "When a separate trial is had before the Court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.-020 RSMo, V.A.M.S., unless specifically so designated by the Court in the judgment entered. However, when a separate trial is had before the Court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020 RSMo, V.A.M.S., unless

the Court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined." It is perfectly clear that the counterclaim of Starr against the plaintiff was one "arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case * * *." All the claims arose out of one automobile collision and the ensuing assertions of negligence, pro and con. If the trial court intended the order of dismissal to be a final judgment for the purposes of appeal it should have "specifically so designated" it. This discretion rests in the trial court, not in this court. Pizzo v. Pizzo, Banc, 365 Mo. 1224, 295 S.W.2d 377, 380. Not having done so, this appeal is premature.

■ On the record here it would seem appropriate to determine the propriety of Starr's counterclaim against plaintiff before proceeding to trial on the other issues. If its dismissal be error, that error might well prejudice, or foreclose, a determination of the other issues. We shall dismiss this appeal, but since the order appealed from has remained interlocutory, the trial court may now exercise its discretion and, if it so chooses, enter an order by way of amendment providing that its order heretofore entered dismissing the counterclaim of the third-party defendant against plaintiff is thereby specifically designated as "a final judgment for purposes of appeal within the meaning of Section 512.020 RSMo, V.A. M.S." See Rule 3.29 as amended. If it does so, an appeal may then be taken within the appropriate time, for the order of dismissal will have then become for the first time an appealable and final judgment.

The appeal herein, being premature, is dismissed. It is so ordered.

STORCKMAN, P. J., and RUARK, Special Judge, concur.