STATE ex rel. Fred C. SCHWEITZER, M.D., Relator,

v.

Hon. Douglas W. GREENE, Judge, Respondent.

No. 53992.

Supreme Court of Missouri, En Banc.

March 10, 1969.

C. Wallace Walter, Harold F. Glass, Mann, Walter, Burkart, Weathers & Schroff, Springfield, for relator.

John B. Newberry, Springfield, for respondent.

HOLMAN, Chief Justice.

In this original proceeding in prohibition relator seeks to prevent the respondent from taking any further action against him in the case of Betty Langley and Robert Langley, Plaintiffs, vs. Marjorie Patterson and Fred C. Schweitzer, Defendants, which is pending in Division II of the Circuit Court of Greene County. Respondent is the circuit judge of that division. On July 8, 1968, we issued our provisional rule upon petition of relator.

The facts are not in dispute. Plaintiffs filed the suit in question on August 4, 1965. It is a malpractice action against relator, a physician, and Majorie Patterson, a nurse. It was alleged that Marjorie, under the direction of relator, negligently made an intermuscular injection into Betty Langley's body, causing injuries. In Count I Betty sought damages in the amount of $100,000, and in Count II Robert sought $25,000 damages for loss of his wife's

services and consortium. Marjorie was never served with summons and did not enter her appearance. On September 3, 1965, relator filed a motion to dismiss plaintiffs' petition on the ground that the petition failed to state a claim against him. Relator's motion to dismiss was heard on November 25, 1966, and was sustained, the court ordering that the cause be dismissed as to relator with prejudice to plaintiffs.

On December 27, 1966, plaintiffs filed a first amended petition. Relator filed a motion to dismiss that amended petition (based primarily on the theory of res judicata) and on March 27, 1968, plaintiffs filed a motion seeking a nunc pro tunc order showing that the dismissal was without prejudice. On April 5, 1968, relator's motion to dismiss the amended petition was overruled and plaintiffs' motion for a nunc pro tunc order was sustained "for reason that the court, in preparing the order of dismissal of 11/25/66 did not intend to bar plaintiffs from filing an amended petition." Thereafter relator filed another motion to dismiss plaintiffs' first amended petition which was overruled on June 7, 1968.

Relator contends that the dismissal, with prejudice, was an adjudication on the merits as between plaintiffs and relator and that after the lapse of 30 days plaintiffs could not reinstate their claims by filing an amended petition; that the dismissal was final, was res judicata, and that respondent had no authority to modify the record or validate the filing of plaintiffs' amended petition by a nunc pro tunc order.

Respondent concedes that the requirements for a valid nunc pro tunc order were not present in this case. He contends, however, that the order in question was not a final appealable judgment because the case had not been disposed of as to defendant Patterson and hence the court had the power to change the judgment or ruling at any time.

There are no cases cited by either party which involve the precise ultimate question we are presented with. However, in our research we have found a number of cases, hereinafter cited, which we consider decisive.

■ Relator is correct in his assertion, as provided in Civil Rule 67.03, V.A.M.R., that "[A] dismissal with prejudice operates as an adjudication upon the merits." There is nothing, however, in that statement which indicates that the order of dismissal is a final judgment or that the doctrine of res judicata applies. It is conceded that the order of dismissal would have been a final appealable judgment if relator had been the only defendant in the case. In that situation the trial court would have lost jurisdiction of the case after the lapse of 30 days. It is equally clear, however, that the order in question was not an appealable judgment. This because of the settled rule that an appealable judgment "must be a final judgment and it must ordinarily dispose of all parties and all issues in the case, unless the trial court has ordered a separate trial of any claim or issue, or has specifically designated the particular judgment as a final judgment for the purposes of appeal." Dudeck v. Ellis, Mo.Sup., 376 S.W.2d 197, 204. The court in the case at bar did not designate the order as a final judgment for purposes of appeal. If it had deemed such to have been advisable it was authorized to have done so by Civil Rule 82.06. Beuttenmuller v. Vess Bottling Co. of St. Louis, Mo. Sup., 395 S.W.2d 204, is specific authority for the proposition that an appeal by a plaintiff from an order sustaining a motion to dismiss filed by one of two defendants is premature, and that rule applies even though service has not been obtained upon the other defendant. Cooper v. Barr, Mo. Sup., 413 S.W.2d 219.

All of the cases we have examined which seek to determine when a judgment becomes final seem to relate that question

to appealability. In other words, we have not found any cases in which it has been said that the judgment was final which did not also point out that it was then appealable. More specifically, it has been held in a number of decisions of this court that an order sustaining a motion to dismiss filed by one of several parties is an interlocutory order. Woods v. Juvenile Shoe Corp. of America, Mo.Sup., 361 S.W.2d 694. Dotson v. E. W. Bacharach, Inc., Mo.Sup., 325 S.W.2d 737[4]. See also McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh P. Co., Mo.Sup., 323 S.W.2d 788[3], and Barlow v. Scott, Mo.Sup., 85 S.W.2d 504[12]. And, as stated in Woods, "[A]n interlocutory order is always under the control of the court making it. Barlow v. Scott, Mo.Sup., 85 S.W.2d 504, and authorities cited, l. c. 519; Deickhart, Trustee, v. Rutgers, 45 Mo. 132, 136. At any time before final judgment a court may open, amend, reverse or vacate an interlocutory order * * *." 361 S.W.2d 695.

Logic and justice would seem to indicate that a trial court should be permitted to retain control of every phase of a case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable. Of course, any such action should be taken only after proper notice to the parties.

We accordingly hold that the order in this case was not a final judgment, was not res judicata, and that the trial court therefore had the power to modify it after the lapse of 30 days in order to provide therein that the dismissal was without prejudice. If relator had desired that the order be considered final for purposes of an appeal he could have requested that the court make such an order.

For the reasons stated, the preliminary rule in prohibition should be discharged.

All concur except STORCKMAN, J., who concurs in result.