Eddie Louis SISCO, Plaintiff-Respondent,

v.

NU PROCESS BRAKE ENGINEERS, INC.,
a Corporation, Defendant-Appellant,
and
Power Brakes, Inc., a Corporation,
Defendant-Respondent.

Joseph GONZALES, Plaintiff-Respondent,

v.

NU PROCESS BRAKE ENGINEERS, INC.,
a Corporation, Defendant-Appellant,
and
Power Brakes, Inc., a Corporation,
Defendant-Respondent.

Nos. 55247, 55250.

Supreme Court of Missouri,
Division No. 1.

Feb. 8, 1971.

Murphy & Kortenhof, Edward E. Murphy, Jr., St. Louis, for defendant-appellant.

Barnard, Timm & McDaniel, Walter F. Timm, St. Louis, for defendant-respondent.

WELBORN, Commissioner.

Appeals in consolidated causes from judgment of trial court dismissing cross-claims of defendant-appellant Nu Process Brake Engineers, Inc., against defendant-respondent Power Brakes, Inc.

Eddie Louis Sisco and Joseph Gonzales, employees of Mrazek Van and Storage Service Company, filed separate suits for personal injuries, each alleging $25,000 damages, arising out of an accident involving a Mrazek van in which they were riding. The suits were brought against Nu Process and Power Brakes, on the basis of the following identical allegations in each petition:

"III

"On or about September 17, 1964, at the instance of the Mrazek Company, the defendant Nu Process Brake Engineers, Inc. performed certain repair work to and upon the aforementioned truck, including the installation of a rebuilt power cluster to be used as a part of the operating mechanism of the front wheel brakes of said truck; that said power cluster was theretofore re-

built, manufactured and sold by the defendant Power Brakes, Inc. to the defendant Nu Process Brake Engineers, Inc. for the purpose of installation in the specific type of operating mechanism contained within said truck, and the purpose, function and use of said power cluster were such that if the same were defective there would be imminent danger to persons either driving or riding within said truck; that at the time said power cluster was sold by the defendant Power Brakes, Inc. to the defendant Nu Process Brake Engineers, Inc., and at the time the same was installed in the aforementioned truck by the defendant Nu Process Brake Engineers, Inc., said power cluster was defective and thereby dangerous when used for the purpose for which the same was manufactured, rebuilt and installed in that the push rod, an integral part of said power cluster, was not the appropriate and proper size for the adjacent and connecting component parts and it would thereby not operate efficiently and properly in bringing about braking action upon said truck, but instead the same was reasonably likely to cause the brakes to operate in a grabbing and locking fashion and to thereby cause the truck to unexpectedly and violently reduce speed and jerk in the manner aforementioned.

"IV

"At all times herein mentioned, said truck and the aforementioned power cluster were being operated in a manner and were in use for a purpose for which the same were manufactured, rebuilt and installed.

"V

"As a direct and proximate result of the separate and concurring breach of implied warranty of the defendants as aforesaid, and the action of said truck as set forth in paragraph number II, plaintiff was caused to sustain injury and damage * * *.

"VI

"More particularly, the defendant Power Brakes, Inc. impliedly warranted to both the users and consumers of its said product, to-wit: the said rebuilt power cluster, that said product was not in a defective condition unreasonably dangerous to said users and consumers or their respective property. Plaintiff further states with particularity that the 'specific type of operating mechanism,' referred to in paragraph III, is the brake system of said truck and that the 'adjacent and connecting component parts,' also referred to in paragraph III, are those parts of the power cluster and braking system of said truck which contain, hold and come in contact with the push rod."

Nu Process filed an answer admitting that it worked on the brakes of a Mrazek truck on or about September 17, 1964, and that it installed in the truck a "certain mechanism" which it obtained from Power Brakes. Otherwise Nu Process denied the allegations of plaintiff's petition. Power Brakes filed a general denial and a defense of contributory negligence as its responsive pleading.

Nu Process filed a cross-claim against Power Brakes in which it alleged that each plaintiff "filed a suit for personal injuries allegedly resulting from an occurrence on or about November 2, 1964, according to his 5th amended petition, and in said law suit plaintiff charges defendants with breach of warranty and negligence, all as set out in plaintiff's 5th amended petition filed herein.

"4. Cross-claimant Nu Process Brake Engineers, Inc. denies that the occurrence mentioned in plaintiff's petition and his alleged injuries were the result of any breach of warranty, negligence, or both, on the part of this defendant, but, pleading hypothetically, states that if cross-claimant is liable to plaintiff, its liability is a direct result of the active, primary and affirmative breach of warranty, negligence, or both, of defendant Power Brakes, Inc. as

set out in plaintiff's 5th amended petition and cross-claimant is entitled to indemnity from defendant Power Brakes, Inc. for any sum which plaintiff may recover against cross-claimant.

"5. Defendant Nu Process Brake Engineers, Inc. further states that defendant Power Brakes, Inc. designed, manufactured, and assembled the power brake cluster mentioned in plaintiff's 5th amended petition. This defendant did nothing to alter the design, manufacture or assembly of said power brake cluster, and if same is defective, defendant Nu Process Brake Engineers, Inc. would be only secondarily liable, and defendant Power Brakes, Inc. primarily liable."

Nu Process asked judgment against Power Brakes for any recovery by plaintiffs against it.

Upon motion of Power Brakes, the trial court dismissed the cross-claim. The order was designated final for purpose of appeal. Civil Rule 82.06, V.A.M.R. This appeal followed.

On this appeal, the issue presented is whether or not the trial court properly dismissed appellant's cross-claim on the grounds that the plaintiffs' claims were against concurrent or joint tortfeasors, so that no right of indemnity arises between the defendants. That is the ground on which the respondent would support the ruling of the trial court.

No doubt the rule is as stated in Union Electric Company v. Magary, Mo., 373 S. W.2d 16, 1. c. 21, relied upon by respondent:

" 'In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common lia-

bility and not a primary and secondary one, even though one may have been very much more negligent than the other.' "

See State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499, 507; Campbell v. Preston, Mo.Sup., 379 S.W.2d 557; Drake-O'Meara & Associates, et al. v. American Testing & Engineering Corporation, Mo.Sup., decided November 9, 1970, 459 S.W.2d 362.

Respondent contends that this rule is applicable here. The contention is that plaintiffs' causes of action charge each defendant with a separate and concurring breach of warranty and place them in pari delicto, thereby eliminating any right of indemnity between the defendants.

In passing upon the sufficiency of the cross-claim, the factual allegations of the petition and of the cross-claim are taken as true. Campbell v. Preston, Mo.Sup., 379 S.W.2d 557, 560[5]. Ignoring conclusionary allegations (Tolliver v. Standard Oil Company, Mo.Sup., 431 S.W.2d 159, 162[1–4]), the facts alleged are basically that Power Brakes, Inc., rebuilt a power cluster which was defective in that the push rod was not the proper size for the adjacent and connecting component parts; that Power Brakes sold the defective power cluster to Nu Process; that Nu Process, without in any manner altering the design, manufacture or assembly of the power brake cluster, installed it on the Mrazek truck; that by reason of the defective power cluster, the brakes on the truck did not operate properly, and caused the accident which produced the injury to plaintiffs.

On these facts, it cannot be said that Nu Process can have no right of recovery over against Power Brakes for any recovery which plaintiffs might have against Nu Process. We deem it unnecessary to categorize the legal basis of plaintiffs' claims. Although they appear to be couched primarily in terms of implied warranty, the petition also alleges matters which might form the basis for recovery on strict liabil-

ity in tort, or negligence. The exact basis of recovery would have to await the outcome of the trial of plaintiffs' claims. However the facts alleged do not show that, in no event, would Nu Process have a right of indemnity against Power Brakes in the event of a verdict against the defendants jointly. The principle stated in § 93 of the Restatement of Restitution, pp. 407–408, might well become applicable under the allegations of the cross-claims. That principle is stated as follows:

"(1) Where a person has supplied to another a chattel which because of the supplier's negligence or other fault is dangerously defective for the use for which it is supplied and both have become liable in tort to a third person injured by such use, the supplier is under a duty to indemnify the other for expenditures properly made in discharge of the claim of the third person, if the other used or disposed of the chattel in reliance upon the supplier's care and if, as between the two, such reliance was justifiable."

Although no Missouri cases have applied § 93, the principle which it enunciates is entirely consistent with that applied in Busch & Latta Painting Company v. Woermann Construction Company, 310 Mo. 419, 276 S.W. 614, an often cited case in the field of indemnity. See application of § 93 in Great American Ins. Co. v. Quick-Way Truck Shovel Co., D.C.Colo., 204 F. Supp. 847, 853[11], [12]; aff. Quick-Way Truck Shovel Co. v. Great American Ins. Co., 10th Cir., 314 F.2d 702; Popkin Bros., Inc. v. Volk's Tire Co., et al., 20 N.J.Misc. 1, 23 A.2d 162. Annotation—"Product Liability: Right of Manufacturer or Seller to Contribution or Indemnity from User of Product Causing Injury or Damage to Third Person, and Vice Versa," 28 A.L.R. 3d 943, 965–971.

Whether, as respondent contends, the parties defendant are in pari delicto, or, as appellant contends, liability, if it exists, is based upon primary and active conduct on the part of respondent and secondary and passive conduct on the part of appellant, remains to be seen. "Until a plenary trial is held, the character of the conduct and the material relationship of the parties cannot be ascertained in regard to causal participation in the alleged wrongdoing." Neff v. Levin, U.S.D.C.N.J., 254 F.Supp. 45, 46–47. Such determination cannot be based solely on the fact that the contesting parties defendant are sued jointly. See Woods v. Juvenile Shoe Corporation of America, et al., Mo.Sup., 361 S.W.2d 694.

Reversed and remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.