Clarence G. BEEZLEY and Lois E. Beezley,
Plaintiffs-Appellants,

v.

The NATIONAL LIFE AND ACCIDENT
INSURANCE COMPANY, a corpora-
tion, Defendant-Respondent,

Norma J. Espinosa, and Frank J. Espinosa,
Defendants.

No. 9066.

Springfield Court of Appeals,
Missouri.

Feb. 18, 1971.

Edward G. Farmer, Jr., Joplin, for plain-
tiffs-appellants.

David E. Dwyer, Spencer, Scott &
Dwyer, Joplin, for defendant-respondent.

No appearance for defendants.

PER CURIAM.

Plaintiffs filed their petition in the Cir-
cuit Court of Jasper County against three
defendants, videlicet, The National Life
and Accident Insurance Company (Nation-
al), Norma J. Espinosa (Norma), and
Frank J. Espinosa (Frank). By their

pleading, plaintiffs sought to have themselves declared to be the owners of two life insurance policies in the place of Norma and Frank and to require National to pay the cash surrender value of the policies to them. National filed a "Motion to Dismiss" the petition for its failure "to state a claim upon which relief can be granted." Rule 55.33.[1] The motion was sustained and a judgment was entered "that this cause be and the same is hereby dismissed, that the defendant be discharged and go hence hereof without day, and recover of and from the plaintiff [sic] the costs of this suit, and that execution issue therefor." Plaintiffs filed their notice of appeal "from the Order * * * dismissing plaintiff's [sic] petition," and subsequently filed with us a transcript on appeal. The transcript indicates a summons for personal service was issued for Norma, and that an "Order of Publication of Notice" was made and directed to Frank. However, the record does not reveal if service on Norma and Frank was perfected or if either of them otherwise appeared or pleaded in the case. National has moved for dismissal of the appeal because of plaintiffs' tardiness in filing their brief. Rule 83.06(a). Our disposition of this appeal on other grounds renders the motion moot and it is hereby overruled for that reason.

Although the parties stand mute on the subject, we have the independent duty of ascertaining if we have appellate jurisdiction [In re Estate of Hill, Mo.App., 435 S.W.2d 722, 724(3)] and, particularly apropos the instant cause, this requires that we determine whether the order appealed from constitutes a final appealable judgment vel non. If it does not, we must dismiss the appeal sua sponte. Pizzo v. Pizzo, 365 Mo. (banc) 1224, 1227, 295 S.W.2d 377, 379(1); Coyne v. Southwestern Bell Telephone Co., 360 Mo. 991, 993, 232 S.W. 2d 377–378(1). The right to appeal in Missouri is purely statutory (Rule 82.01),

and when not conferred by law, no right to appeal exists. Hutchinson v. Wesley, Mo. App., 455 S.W.2d 21, 23(1). As pertinent here, § 512.020 extends this right only to parties who may be aggrieved by "any final judgment in the case," and for a judgment to be final and appealable it must dispose of all the parties and all of the issues in the case and leave nothing for further determination. Elliott v. Harris, Mo. (banc), 423 S.W.2d 831, 832(1); Scheid v. Pinkham, Mo., 395 S.W.2d 166, 168(2); In re In Interest of T___ G___, Mo.App., 455 S.W.2d 3, 7(4). Propelling these general precepts into practicable application in cases of a species similar to this, it has ofttimes been held that when a motion to dismiss plaintiffs' petition (formerly a demurrer) is filed by one or more of the defendants and is sustained and judgment entered thereon, but no action is taken regarding the other defendants, an appeal by the plaintiffs at this point is premature and must be dismissed [Beuttenmuller v. Vess Bottling Company of St. Louis, Mo., 395 S.W.2d 204, 205–206(2); Hanover Fire Ins. Co. v. Commercial Standard Ins. Co., Mo., 215 S.W.2d 444, 445(1); Webster v. Sterling Finance Co., Mo., 165 S.W.2d 688, 690(1)], and this is so even if service was never obtained on one of the remaining defendants. State ex rel. Schweitzer v. Greene, Mo. (banc), 438 S.W.2d 229, 231(4); Cooper v. Barr, Mo., 413 S.W.2d 219, 221.

Plaintiffs have appealed from an order which "was not a final appealable judgment. It was an interlocutory order." Woods v. Juvenile Shoe Corporation of America, Mo., 361 S.W.2d 694, 695(1); State ex rel. Schweitzer v. Greene, supra, 438 S.W.2d at 232. Therefore, "[w]e shall dismiss this appeal, but since the order appealed from has remained interlocutory, the trial court may now exercise its discretion and, if it so chooses, enter an order by way of amendment providing that its order

---

1. References herein to rules and statutes are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and to RSMo 1969, V.A.M.S.

heretofore entered * * * is thereby specifically designated as 'a final judgment for purposes of appeal within the meaning of Section 512.020 RSMo, V.A.M.S.' See Rule [82.06]. If it does so, an appeal may then be taken [if plaintiffs so decide] within the appropriate time, for the order of dismissal will have then become for the first time an appealable and final judgment." Dotson v. E. W. Bacharach, Inc., Mo., 325 S.W.2d 737, 739(4).

The appeal is ordered dismissed.

All concur.