**Richard E. SPIRES and Frances T. Spires, Appellants,**

v.

**William R. EDGAR, Jr., et al., Respondents.**

No. 57294.

Supreme Court of Missouri, En Banc.

Sept. 9, 1974.

Derrick & Holderle and Tyree C. Derrick, St. Louis, Robert A. McIlrath, Flat River, for appellants.

G. C. Beckham, Steelville, for respondent William R. Edgar, Jr.

PER CURIAM.

This suit is for damages for the alleged wrongful foreclosure of a deed of trust. Plaintiffs were the makers of the note of $71,000 and the grantors in the deed of trust. The named defendants are William R. Edgar, Jr., the trustee, and David J. and Eleanor L. Lawless, the holders of the note. This appeal pertains to Edgar alone; his separate motion to dismiss plaintiffs' third amended petition was sustained on September 1, 1971, for failure to state a cause of action against him. In the same order the court ruled: "The within order designated final for purposes of appeal." This appeal was taken on September 9, 1971, prior to the constitutional change of January 1, 1972, and the suit is for a total of $105,000 in damages. From a monetary

standpoint we have jurisdiction. Laws 1969, 3rd Ex.Sess., p. 110, Sec. 1. Our record here shows nothing as to the defendants Lawless, except that they were named as parties and are still carried as parties in the transcript and briefs.

This appeal was first heard in Division Two and transferred by division to the Court en banc. The principal reason for the transfer was to determine whether the order appealed from was an appealable judgment under rule 81.06, V.A.M.R. The question arose because, as noted supra, the record does not show a disposition of all issues and all parties, to wit: the issues as to parties defendants Lawless were not disposed of as of the time the appeal was taken from the order dismissing plaintiffs' claim against Edgar for failure to state a cause of action against him.

■ It has been ruled many times that, since an appeal must be from a final judgment (with specified exceptions), the trial court must have disposed of all issues and all parties. Downey v. United Weatherproofing, Inc., 241 S.W.2d 1007 (Mo. 1951); Thomas v. Orrick Special School Dist., 246 S.W.2d 523 (Mo.App.1952); Bays v. Lueth, 323 S.W.2d 236 (Mo. 1959); Wicker v. Knox Glass Associates, 362 Mo. 614, 242 S.W.2d 566 (1951); Beuttenmuller v. Vess Bottling Co. of St. Louis, 395 S.W.2d 204 (Mo.1965).

■ An order sustaining a motion to dismiss plaintiffs' petition on the ground that the petition fails to state a cause of action constitutes a disposition of plaintiffs' claim on the merits, Continent Foods Corp. v. National-Northwood, Inc., 470 S. W.2d 315 (Mo.App.1971), rules 67.03, 67.-06, and if that order disposes of the whole case, it is appealable.

■ In the instant case the order sustaining defendant Edgar's motion to dismiss plaintiffs' claim against him disposed of plaintiffs' claim against Edgar on the merits; however, since other defendants remained in the case and the issues as to them remained undisposed of, the question arises as to whether plaintiffs can then appeal or if they must await the outcome of the remainder of the case before appealing. As stated supra, the trial court designated its order dismissing plaintiffs' claim against Edgar as final for purposes of appeal pursuant to the second sentence of rule 81.06 (formerly rule 82.06, and earlier amended rule 3.29). The forerunner of rule 81.06 was rule 3.29, adopted in 1945 by this court. Rule 3.29 was amended effective May 15, 1957, and, except for renumbering, has remained unchanged since then.

State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487 (Banc 1947), was decided under original rule 3.29. The court there held that the dismissal order as to two defendants in a joint action for personal injuries against three defendants was not an appealable order at the time it was entered. The court said, loc. cit. 489: "Where the suit is on one cause of action against several defendants there can be no appeal from a dismissal of the case as to some defendants only because in such type of action there must be a single final judgment disposing of all parties before an appeal may be taken. This is a requirement of both the old and new Codes. S. S. Kresge Co. v. Shankman, Mo.App., 194 S. W.2d 716; W. T. Rawleigh Co. v. Rouse, Mo.App., 204 S.W.2d 438. This case does not present the situation contemplated by Supreme Court Rule 3.29 which applies when several different claims against different parties are joined in one suit. See Carr, § 860."

As noted supra, rule 3.29 was amended effective May 15, 1957. About two years later, Dotson v. E. W. Bacharach, Inc., 325 S.W.2d 737 (Mo.1959) was decided. In that case plaintiff Dotson sued Bacharach for injuries arising out of an automobile collision. Bacharach filed a third-party petition against its alleged employee and driver of its car, Starr. Starr filed a counterclaim against Dotson for injuries arising out of the same collision. Plaintiff file a motion to dismiss Starr's counter-

claim which the court sustained and dismissed Starr's counterclaim. Starr appealed. This court considered the question of appealability under rule 3.29, as amended effective May 15, 1957. The pertinent part of rule 3.29 as amended is set forth in the opinion at 739 and is as follows: "When a separate trial is had before the Court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.-020, RSMo, V.A.M.S., unless specifically so designated by the Court in the judgment entered. However, when a separate trial is had before the Court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020 RSMo, V.A.M.S., unless the Court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined."

The court then held: "It is perfectly clear that the counterclaim of Starr against the plaintiff was one 'arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case * * *.' All the claims arose out of one automobile collision and the ensuing assertions of negligence, pro and con. If the trial court intended the order of dismissal to be a final judgment for the purposes of appeal it should have 'specifically so designated' it. This discretion rests in the trial court, not in this court. Pizzo v. Pizzo, Banc, 365 Mo. 1224, 295 S.W.2d 377, 380. Not having done so, this appeal is premature."

Pausing here for a moment, it is to be noted that the court in *Dotson* was dealing with a dismissal of a claim which arose out of the same transaction (collision) alleged in plaintiff's petition. In the instant case, plaintiffs' claim against the several defendants is also premised on one transaction—a wrongful foreclosure, and the order appealed from was also the dismissal of a claim.

Of particular significance is the final paragraph of *Dotson* wherein the court said, loc. cit. 739: "We shall dismiss this appeal, but since the order appealed from has remained interlocutory, the trial court may now exercise its discretion and, if it so chooses, enter an order by way of amendment providing that its order heretofore entered dismissing the counterclaim of the third-party defendant against plaintiff is thereby specifically designated as 'a final judgment for purposes of appeal within the meaning of Section 512.020 RSMo, V. A.M.S.' "

Before proceeding with cases which have followed *Dotson*, it is to be noted that the rationale of the court with respect to the propriety of the dismissal of Starr's counterclaim recognizes that, if the dismissal was erroneous, the trial of the remainder of the case without the counterclaim might well prejudice a determination of the other issues. Apparently this concept was part of the reason for adopting the rule because the authority of *Dotson* was a member of this court at the time amended rule 3.29 was adopted and *Dotson* was decided approximately two years later.

In the instant case it seem obvious that if the order dismissing defendant Edgar is erroneous a trial of plaintiffs' claim without the presence of Edgar might well prejudice a determination of the issue of the alleged wrongful foreclosure. Furthermore, plaintiffs will never be afforded the right to try their case against all the defendants against whom they have a right to proceed under the law in one trial. It is observed that the court in *Dotson* believed so strongly in its interpretation of rule 3.29 as amended (now rule 81.06) that it *invited* the trial court to amend its prior order of dismissal so as to designate it to be final for purposes of appeal under amended rule 3.29 in order that an appeal could thereafter be taken.

State ex rel. Schweitzer v. Greene, 438 S.W.2d 229 (Mo.banc 1969), was a prohibition action filed by Schweitzer to prohibit the circuit judge from taking any further action against him in the underlying case of Betty and Robert Langley vs. Marjorie Patterson and Dr. Schweitzer. The circuit court had previously sustained Schweitzer's motion to dismiss the Langleys' claim against him for failure to state a claim. Thereafter the Langleys filed an amended petition to which Schweitzer filed a motion to dismiss which was overruled. In the prohibition action, Schweitzer contended the dismissal of plaintiffs' petition was a final appealable order when entered and was therefore res judicata. Respondent contended the first dismissal order was not a final appealable judgment because the case had not been disposed of as to co-defendant Patterson.

In holding that the first order of dismissal was not a final appealable order, the court said that an appealable judgment " 'must be a final judgment and it must ordinarily dispose of all parties and all issues in the case, unless the trial court has ordered a separate trial of any claim or issue, or has specifically designated the particular judgment as a final judgment for the purposes of appeal.' Dudeck v. Ellis, Mo.Sup., 376 S.W.2d 197, 204. The court in the case at bar did not designate the order as a final judgment for purposes of appeal. If it had deemed such to have been advisable it was authorized to have done so by Civil Rule 82.06." 438 S.W.2d at 231.

In Beezley v. National Life & Accident Ins. Co., 464 S.W.2d 535 (Mo.App.1971), plaintiffs sued three defendants. National Life & Accident filed a motion to dismiss for failure to state a claim. The motion was sustained but the trial court did not designate the order final for purposes of appeal. The court adhered to the rule that where a motion to dismiss is filed by one of several defendants and is sustained, but no action is taken regarding the other defendants, the appeal is premature and must be dismissed.

In Beezley the court dismissed the appeal but said at loc. cit. 536–537: "Therefore, '[w]e shall dismiss this appeal, but since the order appealed from has remained interlocutory, the trial court may now exercise its discretion and, if it so chooses, enter an order by way of amendment providing that its order heretofore entered * * * is thereby specifically designated as "a final judgment for purposes of appeal within the meaning of Section 512.020 RSMo, V.A.M.S." See Rule [82.06]. If it does so, an appeal may then be taken (if plaintiffs so decide) within the appropriate time, for the order of dismissal will have then become for the first time an appealable and final judgment.' Dotson v. E. W. Bacharach, Inc., Mo., 325 S.W.2d 737, 739(4)."

The same situation existed in Beezley as exists in the instant case in that plaintiffs' petition as to one defendant, but not all defendants, was dismissed by the circuit court. It differs from Beezley in that the very order of finality for purposes of appeal, the absence of which caused the court to dismiss the Beezley appeal, was made by the trial court in the instant case.

Woods v. Juvenile Shop Corp. of America, 361 S.W.2d 694 (Mo.1962), was a suit by plaintiff Woods against Juvenile Shoe Corp. (shoe manufacturer) and Robinson Shoe Co. (shoe retailer) and Robinson's Kansas Shoe Co. (a chain of shoe stores) for damages sustained based upon negligence of the manufacturer in manufacturing and negligence of the retailer in selling to plaintiff a shoe with a tack in it, the result of which plaintiff allegedly lost a leg. Retailer and the shoe store chain cross-claimed against Juvenile, the manufacturer, for full indemnity for any judgment which might be rendered for plaintiff and against the retailer and shoe store chain. On motion the court dismissed the crossclaim. The original dismissal order did not desig-

nate the order (judgment) final for purposes of appeal. Manufacturer contended the appeal was premature in that the dismissal of the crossclaim did not dispose of all issues in the case and was therefore unappealable. Retailer and shoe store chain countered with the proposition that the trial court amended its October 11, 1961, dismissal order on November 15, 1961, and designated the dismissal as a final judgment for purposes of appeal.

This court's footnote with reference to the amendment states at loc. cit. 695: "Apparently following the suggestion of the correct procedure in such situation made in Dotson, supra, 325 S.W.2d, loc. cit. 739, since the language of the order is identical with the language of Dotson." The court held that the order of October 11, 1961, was interlocutory and not a final appealable order and that a separate appeal from such an interlocutory order would have been premature, citing *Dotson*. The court then went on to hold that the subsequent designation of the dismissal as a final judgment for purposes of appeal converted the interlocutory order into an appealable final judgment, again citing *Dotson*. On the merits of the appeal, the court reversed the circuit court and ordered reinstatement of the crossclaim holding that the crossclaim stated a claim upon which relief could be granted.

In Title Insurance Corp. of St. Louis v. United States, 432 S.W.2d 787 (Mo.App. 1968), the court held: "In effect, the hearing on the Respondent's motion for a summary judgment was a separate trial before the court without a jury and the trial court has designated this judgment as a final one under this rule." The rule referred to is 82.06 (now 81.06).

In Johnson v. Great Heritage Life Ins. Co., 490 S.W.2d 686 (Mo.App.1973), the court held that the trial court's order dismissing count one for failure to state a claim and designating the order a "final separate judgment for purposes of appeal" was an appealable order under rule 82.06.

The court considered the hearing on the motion to dismiss for failure to state a claim as a separate trial before the court without a jury and the dismissal order was designated as final for purposes of appeal by the trial court.

The second sentences of rules 3.29 and 81.06 are different from one another. That part of rule 3.29 began, "When a separate trial of any *such* claim is had before the court . . . the court may order a separate judgment entered which *shall* be . . . final . . . for the purposes of appeal . . . ." (Emphasis supplied.) "(S)uch" must refer to that which appears in the first sentence and apparently restricted the application of the rule to that which *Terte* sets forth—several different claims against different parties joined in one suit.

The second sentence of rule 81.06 is much broader than rule 3.29 and is not restricted to different claims against different parties. The second sentence of rule 81.06 provides, "When a separate trial is had before the court . . . of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered."

It was this second sentence that was the subject of Dotson v. E. W. Bacharach, Inc., *supra*. And as to this the court said, "All the claims arose out of one automobile collision and the ensuing assertions of negligence, pro and con. *If the trial court intended the order of dismissal to be a final judgment for the purposes of appeal it should have 'specifically so designated' it.*" (Emphasis supplied.)

Thereafter the court specifically authorized the trial court to amend its order of dismissal by designating it to be final for purposes of appeal under rule 3.29 as

amended (now 81.06). And this authorization was made even though there was no "trial" as "trial" is ordinarily understood. It was simply a motion to dismiss which was sustained and nothing more. That is what we have in the instant case except that the trial court here has already designated the dismissal order to be final for the purposes of appeal.

As indicated by the cases cited supra, the interpretation placed upon amended rule 3.-29 (now 81.06) by *Dotson,* with reference to the trial court's authority to designate a dismissal order which order does not dispose of all parties and issues as final for the purposes of appeal, has been followed by the Missouri courts. See also Feinstein v. Edward Livingston & Sons, Inc., 457 S. W.2d 789 (Mo.1970), where the court merely sets out in its statement of the case that the order dismissing the claim against the third-party defendant for failure to state a claim was designated a "final judgment" and then goes on to decide the appeal. See also Sisco v. Nu Process Brake Engineers, Inc., 462 S.W.2d 658 (Mo.1971).

State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487 (Banc 1947), having been decided under an earlier rule should no longer be followed.

The trial court's order dismissing plaintiffs-appellants Spires' claim against respondent Edgar, having been designated as final for the purpose of appeal pursuant to rule 81.06, is an appealable order.

The third amended petition alleged: the ownership of the real estate in question by plaintiffs; the execution by them of a note for $71,000 payable to defendants Lawless in monthly installments of $508.68 on the first of each month, beginning on May 1, 1968, with interest at 6%; the execution of a deed of trust to secure payment of that note, designating defendant Edgar as trustee; that plaintiffs made all of the payments except the one due on October 1, 1968, which was "skipped" by agreement of the holders of the note, as per a letter marked Exhibit "B" and attached to the petition; that various payments were made late but were accepted and credited to plaintiffs; that nevertheless defendants Lawless ordered the trustee to foreclose and that he advertised the property for sale, the first notice being published on October 16, 1969; that the property was sold, and defendants Lawless purchased it for the sum of $70,000, although the reasonable value was $100,000; that defendants Lawless knew that plaintiffs had complied with the covenants and conditions of the deed of trust regarding principal and interest, but acted with reckless disregard for the rights of plaintiffs; that at the time of advertisement and sale the liens and encumbrances were approximately $70,000; that defendant Edgar occupied a fiduciary relationship with plaintiffs and should have ascertained from plaintiffs whether there was any reason why foreclosure should not be commenced and knew, or by reasonable diligence and inquiry would have known, the following: That plaintiffs had complied with the requirements as to principal and interest; *of the agreement set out in Exhibit "B"*; and that all other monthly payments had been made except the one of October 1, 1968; further, that defendant Edgar failed and refused to make any such investigation, and that he could thus have known that all conditions of the deed of trust had been complied with; that defendants Lawless knew that no payment was delinquent when publication was commenced. Plaintiffs alleged further, in the alternative, that if there was a payment delinquent, defendants Lawless had consented thereto by their letter aforesaid, and by their conduct in accepting late payments, and that they had "lulled the plaintiffs into a false sense of security and a belief that such conduct was acceptable"; that defendant Edgar knew or should have known of such conduct, and that all defendants failed to give plaintiffs notice of their intention to foreclose or an opportunity to make any delinquent payments. Plaintiffs prayed for $35,000 actual damages and $70,000 as punitive damages. Counsel admitted at the argument that plaintiffs knew of the ad-

vertisement before the property was sold, and had an attorney present at the sale who made some protest, but had given the trustee no notice or warning in advance that they considered the sale invalid or wrongful. The letter of November 4, 1968, so strongly relied on, refused to permit plaintiffs to skip "another payment" and stated that we "thought you would make the rest of them on time."

A bare mention was made in oral argument of the fact that one branch of this case had been in the Missouri Court of Appeals, Springfield District. Neither party has claimed that this has any material effect on the present appeal. We find in our files, of which we take judicial notice, that we denied a motion to transfer filed here by the defendants Lawless following an opinion of that Court which appears in 493 S.W.2d 65. The motion for summary judgment of defendants Lawless had been sustained and plaintiffs appealed to the Court of Appeals. The Court reversed and remanded the case for trial, principally on the fact issue which it found to exist as to whether or not any payment of principal or interest was delinquent when foreclosure was started. The Court did not reach any question of waiver or estoppel. Defendant Edgar was not a party in those proceedings. There was considerable discussion of a supposed delinquency regarding insurance, which plaintiffs in the allegations of their petition have avoided. We assume that the Springfield notice of appeal was filed after January 1, 1972; otherwise, that Court would not seem to have had jurisdiction. Certain facts are shown there, gathered from interrogatories and affidavits, which we do not have and should not consider.

The question here is whether the amended petition states a claim against the trustee on which relief may be granted. We are not concerned with any possible liability of the holders of the note. The plaintiffs' theory, as stated and boiled down, is that: the trustee owed plaintiffs a duty, when directed to foreclose, to make an af-

firmative investigation, presumably by inquiry from plaintiffs, and thus to find out whether plaintiffs claimed that they were not delinquent and the factual reasons for their claim; this would seem to include not only the actual status of the payments but plaintiffs' claim of waiver or "lulling" in security. It is not alleged the trustee did anything to mislead plaintiffs, but only that, in a fiduciary relationship, he failed to act. Counsel suggested in oral argument that it might even have been the trustee's duty to decide controverted issues of fact between the parties. The allegations that the trustee knew or should have known certain things by the exercise of reasonable diligence and inquiry are certainly not equivalent to allegations of actual knowledge. There is nothing alleged here which shows that the trustee actually knew of anything which should legally prevent the foreclosure when he was directed to act. He did not receive any payments on the note.

■■ A trustee in a deed of trust acts in a fiduciary capacity and he must act with complete integrity, fairness, and impartiality toward both the debtor and the creditor. Edwards v. Smith, 322 S.W.2d 770 (Mo.1959); West v. Axtell, 322 Mo. 401, 17 S.W.2d 328 (1929). The duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust. Adams v. Boyd, 332 Mo. 484, 58 S.W.2d 704 (1933). A copy of the pertinent parts of this deed of trust was attached to plaintiffs' petition as an exhibit. We sent for the exhibits, which were not included in the original transcript. The deed of trust provides that if the debtors default the trustee, at the request of the legal holder of the note, may proceed to sell the property in the manner provided, first giving 20 days' published notice. It contains no provision for additional notice to the debtors, or for any investigation by the trustee.

■ We have concluded that in the absence of unusual circumstances known to the trustee, he may, upon receiving a request for foreclosure from the creditor,

proceed upon that advice without making any affirmative investigation and without giving any special notice to the debtor. We are not considering here any liabilities or duties of the holder of the note or notes.

Plaintiffs cite and rely largely upon Edwards v. Smith, 322 S.W.2d 770 (Mo. 1959). That was a suit for damages for an alleged wrongful foreclosure. The trustee was held to have been properly dismissed. The action was held maintainable as against the holder of the note because he had made a specific agreement with the debtor permitting irregular and late payments, coupled with an agreement not to foreclose without giving him notice. There was no evidence that the trustee knew of that agreement; he had asked the creditor to show the note to his attorney and was assured that it was in default. It was held that a jury could find that the creditor had violated his agreement, but that the trustee knew of no fact which would indicate that he should not foreclose. We do not regard the further statement that the trustee could not by a reasonable investigation have learned of any facts which should have prevented the sale, as necessary to the decision or as stating a necessary part of a trustee's duties. The Court noted that the trustee had been assured that the note was in default and that, in the exercise of ordinary care, he should not or would not have known of the agreements made by the creditor or of the receipt of late payments by him. The case is not an authority for the liability of the trustee in our case. The Edwards case was distinguished in Farris v. Hendrichs, 413 S.W.2d 185 (Mo.1967), on the basis of the agreement between the creditor and the debtor.

Smith v. Haley, 314 S.W.2d 909 (Mo. 1958), also cited, was an action to set aside a foreclosure and a deed executed immediately subsequent thereto. The evidence showed unfairness, if not fraud, on the part of the creditor and the trustee. There it appeared that an agreement made by the creditor to hold up foreclosure had been violated, that the creditor had bought in the property at the sale and that, within 30 minutes after the delivery of the trustee's deed, the trustee himself bought the property and took a deed. The circumstances indicated that the deal had probably been prearranged, and a further suspicious circumstance was that a father and mother were foreclosing on land owned by their daughter and her husband. The Court merely noted that the record disclosed no inquiry respecting any rights of the daughter or her husband. It did not lay down any rule requiring inquiry by a trustee under ordinary circumstances.

Hrovat v. Bingham, 341 S.W.2d 365 (Mo. App.1960), is also cited. That was an action in ejectment following a foreclosure and did not involve a trustee. It is only applicable here for the statement that under ordinary circumstances it is sufficient if a trustee gives the usual notice required by a deed of trust, with no personal notice to the debtor, but that there *could* be unusual circumstances where common fairness might require such a notice, if the failure of notice could amount to a fraud. The Court also held that an insufficiency of notice goes merely to the *voidability* of the foreclosure sale and does not render it void. This may be material in a suit for damages, as contrasted with a suit to set aside the sale.

Looking to other cases, we note first, Farris v. Hendrichs, 413 S.W.2d 185 (Mo. 1967), which was an action to set aside a foreclosure on the theory of a waiver of prompt payments and a failure thereafter to give notice to the debtor. The trustee was joined as a defendant. The Court held: that mere acceptance of late or piecemeal payments, coupled with demands for prompt payments, did not constitute a waiver or a legal ground for setting aside the foreclosure; that the trustee had acted impartially, that there was no evidence that he knew of any claim of waiver, and that he was under no further duty to ascertain the fact of default.

In Euge v. Blase, 339 S.W.2d 807 (Mo. 1960), it is indicated that unless a trustee has knowledge of unusual circumstances, it is not his duty to investigate the default or give a personal notice to the debtor before foreclosure. In Homan v. Connett, 348 Mo. 244, 152 S.W.2d 1053 (1941), it was held generally that a trustee's notice by publication is sufficient and that no additional notice need be given to the debtor.

We have seen no case where a trustee has been held liable in damages for a failure to make an investigation of the default before foreclosure. The only cited case in which the court entered judgment against a trustee for any purpose (and that merely in setting aside two deeds where the trustee was the then owner) is Smith v. Haley, *supra,* where the trustee was held to have been guilty of misconduct.

We have concluded that the third amended petition did not state a claim against the trustee on which relief might be granted. Consequently, the judgment is affirmed.

SEILER, MORGAN, HOLMAN, BARDGETT and FINCH, JJ., concur.

HENLEY, J., dissents in separate dissenting opinion filed.

DONNELLY, C. J., dissents and concurs in separate dissenting opinion of HENLEY, J.

HENLEY, Judge (dissenting).

I respectfully dissent.

In my opinion Rule 81.06 (and its predecessors, Rules 82.06 and 3.29) was never intended and was not designed to apply to a case involving a single claim or cause of action against more than one defendant. That is what we are presented with in this case—one claim against multiple defendants. To paraphrase what the court said in State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W.2d 487, 489 [1, 2] (Banc 1948): this case simply does not present the situation contemplated by this Rule, it being applicable only to a suit in which are joined two or more different claims against different parties. The subsequent amendments of what was then Rule 3.29 have not made any change which would make the successors to Rule 3.29 applicable to a single claim against multiple defendants.

Of the seven cases cited in the majority opinion in support of the proposition that the appeal is not premature, five involve more than one claim. The two which do not are State ex rel. Schweitzer v. Greene, 438 S.W.2d 229 (Mo.banc 1969) and Beezley v. National Life & Accident Ins. Co., 464 S.W.2d 535 (Mo.App.1971). The Greene case involved a single claim against two defendants, but what the court said there (l.c. 438 S.W.2d at 231) to the effect that the trial court could have designated the order of dismissal as a final judgment for purposes of appeal was not necessary to the decision and therefore was dictum.

The Beezley case involved a single claim against multiple defendants and an order of dismissal as to one. The court of appeals held that the order of dismissal from which plaintiff had appealed was not a final appealable judgment and dismissed the appeal as premature. In doing so, the court said that upon remand the trial court could in its discretion designate the judgment as final for purposes of appeal, citing the Greene case and Woods v. Juvenile Shoe Corp., 361 S.W.2d 694, 695 [1] (Mo. 1962) and Dotson v. Bacharach, 325 S.W.2d 737, 739 [4] (Mo.1959). In saying that the trial court could under what was then Rule 82.06 designate the judgment of dismissal as final for purposes of appeal, the court of appeals was, I respectfully submit, in error. The cases cited in support of that statement are not authority for that holding. What was said in the Greene case on this proposition was, as indicated, dictum. Both the Woods and the Dotson cases involved more than one claim or

cause of action against different defendants, the situation to which Rule 82.06 (now 81.06) on separate trials of claims and their finality is applicable; they did not involve one claim against multiple defendants, the situation we have here.

At the expense of being verbose, I repeat: this case involves one claim, a single, indivisible claim; not two; it involves a separate trial of a claim against one of the two defendants, the same single claim stated against both; not a separate trial of a single claim which has been divided into two. If Rule 81.06 is to be made applicable to this situation I would hope that it would be done, not by interpretation and the resultant overruling of *Terte,* supra, a decision upon which at least 15 others have relied, but by amendment of the Rule.

Because the issues as to all parties have not been disposed of, the appeal is premature and I would dismiss it.