**SCHOLZ HOMES, INC., a corporation, Plaintiff-Appellant,**

v.

**CLAY WIDEMAN & SONS, INC., a corporation, Defendant-Respondent.**

No. 35820.

Missouri Court of Appeals, St. Louis District, Division Two.

June 17, 1975.

David L. Colson, Colson & Wagner, Farmington, for plaintiff-appellant.

Charles W. Medley, Gary E. Stevenson, Farmington, for defendant-respondent.

STEWART, Judge.

The plaintiff brought an action in one count. It alleged that plaintiff sold, shipped and delivered certain building materials to defendant at a described building site pursuant to the terms of a written contract which was made a part of the petition. Plaintiff alleged the contract price of the material and further that the price was to be paid by way of a note secured by a deed of trust, and that defendant refused to execute the note and deed of trust by reason of which plaintiff was damaged in the sum of $20,000. Plaintiff prayed judgment for the purchase price, $20,000.00, as damages and for an order directing defendant to execute a first "mortgage".

Defendant filed four separate motions to dismiss. One of the motions was titled "Motion to Dismiss Plaintiff's Action in Equity". Upon hearing the above motion the court entered an order dismissing plaintiff's "Action in Equity". The trial court did not designate his order as "a final judgment for purposes of appeal" within the meaning of the second sentence of Rule 81.06, V.A.M.R.[1] The trial court did not rule on the other motions which are still pending.

The parties have in all fairness faced the first problem confronting the court. Is the order of the trial court appealable?

Plaintiff cites Continent Foods Corp. v. National-Northwood, Inc., 470 S.W.2d 315 (Mo.App.1971), which holds that the dismissal of a petition upon the ground that it fails to state a cause of action is a disposition of plaintiff's claim on the merits and is an appealable order. However the order must also dispose of the whole case or the trial court, where applicable, must designate its order as final for purposes of appeal pursuant to the second sentence of rule 81.06. Spires v. Edgar, 513 S.W.2d 372 (Mo. banc 1974).

The order of the court here did not dispose of the whole case; the court did not enter an order designating its order as final

1. ". . . When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. . . ."

for the purposes of appeal and it is apparent that the subject of the court's order is not an entirely separate and independent claim unrelated to the claim remaining in the case, which would bring it within the third sentence of 81.06.[2] See Spires v. Edgar, *supra*; and Ramatowski v. Ramatowski, 414 S.W.2d 827 (Mo.App.1967). The order entered is not a final judgment for purposes of appeal.

The appeal is dismissed.

CLEMENS, P. J., and KELLY, J., concur.

---

2. ". . . However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.-020, Revised Statutes of Missouri, . . ."