Edwin G. HUDSPETH,
Plaintiff-Respondent,

v.

TREE MART, INC., etc.,
Defendant-Appellant.

No. 39457.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 26, 1978.

Motion for Rehearing and/or Transfer
Denied Nov. 15, 1978.

Charles S. Clayton, Clayton & Karfeld, St. Louis, for defendant-appellant.

Klamen, Summers & Compton, Clayton, for plaintiff-respondent.

CRIST, Judge.

This is an appeal by defendant from a summary judgment entered on June 14, 1977, in favor of plaintiff in the total amount of $8,213.04 for unpaid interest and principal due on a promissory note. We affirm.

The petition alleged the corporate existence of the defendant, the execution by the defendant of the promissory note for valuable consideration, the terms of the note, the plaintiff's status as holder of the note, and the amount due under the note.

Thereafter, defendant filed its answer admitting its corporate existence and denied the remaining allegations by stating "that it has insufficient knowledge to admit or deny and therefore denies same and requests that the Plaintiff be put upon strict proof thereof."

Thereafter, plaintiff filed a motion for summary judgment together with an affidavit in support of the motion alleging that the defendant made and delivered the note and the amount of principal and interest due thereon.

An affidavit in opposition to plaintiff's motion for summary judgment was then filed by M. D. Cohen, defendant's president, essentially stating that James M. Lederer, the signer of the note, was the president of the defendant at the time of the execution of the note, but that Mr. Lederer died and had been dead for some time prior the filing of this lawsuit; that no person then connected with the defendant corporation had any knowledge of the note; and that there was no record nor reference to the note in any of defendant's books and records, and that by reason thereof affiant was unable to admit or deny the execution of said note nor the balance due thereon.

Defendant concedes that summary judgment in this case would be proper under the case of *Universal Printing Co. v. Sayre & Fisher Co.,* 501 S.W.2d 180 (Mo.App.1973), but for the death of the president of the defendant company subsequent to the execution of the note.

Defendant claims that Rule 55.23 which provides that "[w]hen any claim or defense is founded upon a written instrument and the same shall be set up at length in the pleading or a copy attached thereto as an exhibit, the execution of such instrument shall be deemed confessed unless the party charged to have executed the same shall specifically deny the execution thereof" is not controlling when the signer of the note is deceased by reason of § 400.3–307(1)(b), RSMo.1969. The defendant cites no cases in support of its contention.

We find no merit in defendant's contention, for the reason that the defendant is a corporation and did not die. Additionally, § 400.3–307(1)(b) is no authority for the

defendant for the reason that paragraph (1) thereof, provides: "Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue (a) the burden of establishing it is on the party claiming under the signature; but (b) the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required."

For the reason that defendant did not specifically deny in its pleadings the signature on the note, subsection (b) thereof would not have come into play even if the corporation were dead for the purposes of this section.

We therefore hold that the action of the trial court in granting summary judgment was proper.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.