## MISSOURI FARMERS ASSOCIATION, INC., Plaintiff-Respondent,

### v.

## Gerald W. TODD and Barbara A. Todd, Defendants-Appellants.

### No. 46976.

Missouri Court of Appeals,
Eastern District,
Northern Division, Division Six.

March 20, 1984.

William C. McIlroy, Bowling Green, for defendants-appellants.

Philip J. Ohlms, O'Fallon, for plaintiff-respondent.

PUDLOWSKI, Judge.

Missouri Farmers Association, respondent, brought this action against Gerald and Barbara Todd, appellants, for payment on a promissory note. The trial court sitting without a jury entered judgment in favor of the respondent in the amount of $128,386.17 for unpaid interest and principal due on the note. We affirm.

On appeal, appellants maintain the trial court erred in overruling their objections to the admission of respondent's Exhibit 3, a promissory note, in evidence against Barbara Todd because the instrument was in-

sufficiently pleaded, and that their general denial was sufficient to put her signature in issue. We disagree.

Respondent's petition alleged that on September 18, 1982, the appellants executed a promissory note for $108,126.53 at a variable rate due on December 1, 1982, payable to the respondent. Although the petition stated that a copy of the note was attached, none was attached to the pleading.

Thereafter, appellants filed a motion to dismiss for failure to state a cause of action. The trial court overruled the motion. Appellants then filed a general denial.

At trial, respondent's first witness, Janice Haden, a bookkeeper at its Louisiana elevator, testified that the appellants had been credit customers of the elevator. Respondent's next witness, Robert Hunn, manager of the Louisiana elevator, identified a retail credit agreement allegedly signed by the appellants. Appellant's counsel stipulated to the admission of the agreement.

Mr. Hunn next identified respondent's Exhibit 3 as a promissory note for the account that appellants had with the respondent. He further testified that he saw appellant Gerald Todd sign the document, but did not witness appellant Barbara Todd sign. Appellants' counsel then conducted a voir dire examination of Mr. Hunn. Mr. Hunn testified that he was not absolutely positive of the veracity of Barbara Todd's signature.

After voir dire of the witness, appellants' counsel objected to the introduction of the promissory note. The trial court overruled the objection and admitted the note into evidence.

Appellants introduced no additional evidence, but again objected to the admission of the promissory note. The court at the close of the plaintiff's case ordered judgment for the respondent against both appellants. Appellants' motion for a new trial was overruled.

This appeal follows. Appellants claim the trial court erred in overruling their objections to the admission of the promissory note in evidence against Barbara Todd and that their general denial was sufficient to put her signature in issue. Appellants contend respondent's petition failed to comply with Rule 55.22 on grounds that the respondent failed to set out in detail the interest rate and failed to include a copy of the note with the petition even though its pleading said one was attached.

Rule 55.22 provides that "[w]hen a claim or defense is founded upon a written instrument, the same may be pleaded according to legal effect, or may be recited at length in the pleading, or a copy may be attached to the pleading as an exhibit."

Respondent's petition recites at some length the instrument as required by Rule 55.22. The pleading sets out the parties, the due date, the date of execution, the face value of the note, the respondent's status as holder of the note, and the fact that the interest rate is variable. In *Hudspeth v. Tree Mart, Inc.*, 573 S.W.2d 697, 698 (Mo.App.1978), the plaintiff's petition alleged the corporate existence of the defendant, the execution of the note for consideration, the terms of the note, the plaintiff's status as holder of the note, and the amount due. In *Hudspeth*, we deemed the pleading sufficient and held that the defendant did not specifically deny the signature on the note as required and the trial court properly awarded summary judgment.

In this court tried case we must sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. We will affirm the judgment if there is any reasonable theory on which to sustain it. *Sperrer v. Sperrer*, 573 S.W.2d 693 (Mo.App.1978) citing *McHenry v. Claspill*, 545 S.W.2d 690, 693 (Mo.App.1976).

In the case subjudice, we agree with the trial court that the respondent sufficiently pleaded the promissory note. Although respondent should have reviewed the pleading to see if the alleged attached

copy of the note was secured to the pleading, we believe the pleading sufficiently sets forth the contents of the note in order to put the appellants on notice to the promissory note in question. If the appellants found the petition insufficient in setting forth the terms of the note, they could have requested production of a copy of the note or could have filed a motion for more definite statement during the discovery period.

 Respondent's adherence to Rule 55.-22 by reciting at length the terms of the promissory note triggers the provision of Rule 55.23, which governs the denial of execution of a pleaded instrument. Appellants claim that their general denial was sufficient to put Barbara Todd's signature in issue. Rule 55.23 provides that "[w]hen any claim or defense is founded upon a written instrument and the same shall be set up at length in the pleadings or a copy attached thereto as an exhibit, the execution of such instrument shall be deemed confessed unless the party charged to have executed the same shall specifically deny the execution thereof." Further, RSMo § 400.3-307 (1978) provides that "[u]nless specifically denied in the pleadings each signature on an instrument is admitted."

Appellants' answer, which stated simply that "[d]efendants deny the allegation contained in Paragraphs 1, 2, 3, 4 and 5 of Plaintiff's Petition," did not constitute a specific denial of Barbara Todd's signature which could put her signature in issue. *In Household Finance Company, Inc. v. Watson*, 522 S.W.2d 111 (Mo.App.1975), the defendants' answer was identical to the appellants' answer in the present case. In that case, the answer stated that "defendants deny the allegation contained in (each paragraph of) plaintiff's petition." *Id.* at 113. Our brethren in the Southern District held the defendants' signatures confessed because their answer did not constitute a specific denial. Similarly, because appellants' denial was a general one, Barbara Todd's signature must be deemed confessed. *Universal Printing Co. v. Sayre and Fisher Co.*, 501 S.W.2d 180, 183 (Mo.App. 1973).

Accordingly, the judgment in favor of the respondent is affirmed.

DOWD, P.J., and REINHARD and CRIST, JJ., concur.