

# Missouri Court of Appeals
## Southern District
### Division Two

YAM CAPITAL III, LLC,                   )
                                        )
            Respondent,                 )
                                        )
    vs.                                 )   No. SD37387
                                        )
GS HOSPITALITY, LLC,                    )   FILED: June 15, 2022
                                        )
            Appellant.                  )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jeffrey M. Merrell, Judge

**<u>AFFIRMED AND REMANDED WITH DIRECTIONS</u>**

GS Hospitality, LLC ("GS Hospitality") appeals from the circuit court's judgment in favor of YAM Capital III, LLC ("YAM Capital") granting YAM Capital's motion for summary judgment. In nine points, GS Hospitality contends the circuit court erred in granting YAM Capital's motion for summary judgment on GS Hospitality's counterclaims of abuse of process, breach of fiduciary duty, wrongful foreclosure, assessment of exemplary or punitive damages, declaratory judgment, and for violation of its civil rights; denying GS Hospitality's partial motion for summary judgment on its declaratory judgment counterclaim; and canceling GS Hospitality's notice of lis pendens. YAM Capital contends that GS Hospitality's points lack merit and has filed a motion for attorney fees incurred in this appeal under the terms of various loan documents entered into by and between the parties. Because none of GS Hospitality's

1

points establish circuit court error, we affirm the circuit court's judgment, grant YAM Capital's motion for attorney fees, and remand to the circuit court for a hearing to determine the amount of those fees and for entry of a judgment accordingly.

## Factual and Procedural Background[1]

GS Hospitality defaulted on a $7.7 million note to YAM Capital secured by GS Hospitality's motel property in Hollister. GS Hospitality obtained bankruptcy protection for a time, but the bankruptcy court finally allowed YAM Capital to proceed. YAM Capital then filed a petition initiating this litigation by which it sought and procured *ex parte* a circuit court order appointing a limited receiver with respect to the collateral. Shortly thereafter, GS Hospitality filed a motion to revoke or modify the order appointing the receiver that, following a hearing, the circuit court denied. GS Hospitality filed an appeal of that denial in this Court. Eventually, the receiver's final report and account were filed and approved and the receiver was discharged by the circuit court, thereby resolving YAM Capital's petition. Following the discharge of the receiver, GS Hospitality's appeal challenging the circuit court's denial of its motion to revoke the appointment of the receiver was dismissed by this Court as moot ("*YAM 1*"). A successor trustee later oversaw the sale of the collateral by way of a nonjudicial foreclosure.

While YAM Capital's petition was pending, GS Hospitality filed counterclaims against YAM Capital and recorded with the Taney County office of the recorder of deeds a notice of lis pendens. Through a series of amendments, GS Hospitality's counterclaims ultimately included the following six counts claiming that:

---

[1] GS Hospitality filed a previous appeal, *see YAM Capital III, LLC v. GS Hospitality, LLC*, 611 S.W.3d 598 (Mo.App. 2020), which we borrow freely from without further attribution.

(1) YAM Capital engaged in abuse of process by seeking, on an *ex parte* basis and without GS Hospitality's consent, the circuit court appointment of a receiver (count I—abuse of process);

(2) YAM Capital acquired a fiduciary duty to GS Hospitality by way of exercising dominion and control over the involvement of the successor trustee, and then breached that duty in the foreclosure sale of the collateral (count II—breach of fiduciary duty);

(3) YAM Capital did not have a lawful right to a foreclosure sale of the collateral, it misrepresented its lack of such a right, and it breached its fiduciary duty to GS Hospitality by engaging in such conduct (count III—wrongful foreclosure);

(4) the conduct of YAM Capital alleged in counts I, II, and III meets the criteria for the assessment of exemplary or punitive damages (count IV—exemplary or punitive damages);

(5) the circuit court's receivership order on YAM Capital's petition is void because it was entered without due process to GS Hospitality (count V—declaratory judgment); and

(6) YAM Capital's conduct in obtaining the circuit court's receivership order violated GS Hospitality's civil rights under title 42, section 1983 of the United States Code (count VI—civil rights violation).

Three motions relevant to this appeal followed. GS Hospitality filed a motion for partial summary judgment with respect to its count V—declaratory judgment. YAM Capital filed motions (1) to cancel GS Hospitality's notice of lis pendens and (2) for summary judgment on

3

each of the six counts in GS Hospitality's counterclaim. YAM Capital's summary judgment motion was accompanied by thirty-five numbered paragraphs denominated as statements of uncontroverted material facts ("SUMF") with thirty-five referenced exhibits attached.

The circuit court denied GS Hospitality's motion and granted YAM Capital's motions. As to GS Hospitality's notice of lis pendens, the court issued an order stating that "[GS Hospitality's] counterclaims are not based on any equitable right, claim or lien, affecting or designed to affect real estate. Therefore, Missouri law does not permit [GS Hospitality] to record a notice of lis pendens related to its counterclaims."

As to its summary judgment rulings, the circuit court first denied GS Hospitality's motion, stating, by way of a docket entry, the following:

> Having considered the pleadings of the parties and arguments of counsel in hearing, this Court denies Defendant's motion for partial summary judgment - as to Count V of Defendant's Third Amended Counterclaim. The Court denies Defendant's motion having found that 1) the issue raised in Count V of Defendant's Third Amended Counterclaim has previously been ruled by the Court and has become the law of the case, and 2) the matter is now moot, and 3) Defendant was provided that amount of Due Process afforded by the contract of the parties and by the law, and 4) Defendant's motion for partial summary judgment fails to fully address Plaintiff's affirmative defenses to Defendant's Third Amended Counterclaim, and 5) Defendant's motion fails to meet its burden for declaratory relief.

The circuit court thereafter granted YAM Capital's motion for summary judgment on all counts in GS Hospitality's counterclaim and entered its judgment making the following determinations:

> 1. The only pending claims or causes of action in this action are those asserted by GS Hospitality in its Counterclaim against YAM Capital: Count I for abuse of process; Count II for breach of fiduciary duty; Count III for wrongful foreclosure; Count IV for "assessment of exemplary or punitive damages"; Count V for declaratory judgment; and Count VI for "recovery for violation of civil rights."
>
> 2. With respect to Count I, the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove YAM employed an "illegal, improper, perverted use of process, a use neither warranted nor authorized by the process."

4

*Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269, 277 (Mo. bane 2019); *see also Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. banc 1990) and *Stafford v. Muster*, 582 S.W.2d 670, 678 (Mo. banc 1979). The Court is guided by *Moffett v. Commerce Trust Co.*, in that GS Hospitality has not demonstrated that any process was used by YAM to accomplish some unlawful end or to compel GS Hospitality to do some collateral thing which it could not legally be compelled to do. *See* 283 S.W.2d 591,600 (Mo. 1955). The Court also determines that GS Hospitality failed to demonstrate a genuine issue of fact as to whether YAM's purpose was improper.

3. With respect to Count II, the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove YAM owed any fiduciary duty to GS Hospitality, as required by Missouri law to prevail on this claim (numerous compelling legal citations are contained in YAM's suggestions in support of its motion for summary judgment, which are incorporated herein). Additionally, the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove that the foreclosure sale was advertised and called, or otherwise conducted, in an unusual manner prejudicial to it, as it has not alleged any fact legally preventing the non-judicial foreclosure. *See, e.g.*, *Sparks v. PNC Bank*, 400 S.W.3d 454 (Mo. App. E.D. 2013).

4. With respect to Count III, the Court previously dismissed this claim on July 8, 2020, for the reasons set forth in YAM's Motion to Dismiss Count III of Second Amended Counterclaim, which are hereby incorporated, and GS Hospitality has acknowledged that the Court's prior dismissal applies to Count III of the Third Amended Counterclaim. Independently, however, the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove the foreclosure was wrongful; moreover, it is undisputed that GS Hospitality was in default, such that GS Hospitality fails to meet at least one critical element of its claim.

5. With respect to Count V, the Court previously determined that the appointment of a receiver was proper and the receiver has since been discharged. As discussed above, the Court of Appeals determined, and this Court has independently determined, the issue to be moot, such that GS Hospitality cannot meet its burden to establish the existence of a justiciable controversy. Additionally, the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove that it lacks an adequate remedy at law. *See. e.g.*, *Gianella v. Gianella*, 234 S.W.3d 526, 530 (Mo. App. E.D. 2007) (holding that, in determining whether an adequate remedy exists, "[i]t is inconsequential whether the party is ultimately successful in obtaining the results desired").

6. With respect to Count VI, the Court, guided by *Hassett v. Lemay Bank and Trust Co.*, 851 F .2d 1127 (8th Cir. 1988), determines that the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove YAM acted under color of state law. Additionally, the uncontroverted material facts establish GS Hospitality consented in a signed writing to the *ex parte* appointment of receiver, was afforded a meaningful opportunity to be heard at a meaningful

5

time, received that process to which it was due, and GS Hospitality cannot meet its burden to establish that it was deprived of a constitutionally protected federal right.

7. Finally, with respect to Count IV, the Court finds that, as a matter of law, GS Hospitality cannot prevail because, considering the uncontroverted material facts, each of its underlying claims referenced in Count IV fail with respect to at least one of the elements required of each such claim. *See, e.g.*, *Gould v. Starr*, 558 S.W.2d 755 (Mo. App. 1977) ("Exemplary damages do not and cannot exist as an independent cause of action, but such damages are mere incidents to the cause of action and can never constitute the basis thereof.").

GS Hospitality timely appeals. For ease of analysis, we review some of its points together and out of order.

## Applicable Principles of Review

Summary judgment practice is governed by Rule 74.04[2] and ***ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371 (Mo. banc 1993). ***Green v. Fotoohighiam***, 606 S.W.3d 113, 116 (Mo. banc 2020). YAM Capital, the summary judgment movant, is a "defending party" against the counterclaims of GS Hospitality, the claimant. *See* Rule 74.04(a) and (b); ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 381. In this context, therefore, YAM Capital may establish a right to summary judgment by showing "(1) facts that negate *any one* of the claimant's elements facts"; "(2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements"; or (3) "that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense." ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 381.

The resolution of a Rule 74.04 motion for summary judgment is governed by the following principles:

---

[2] All rule references are to Missouri Court Rules (2022).

6

[1] Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework. [2] Courts determine and review summary judgment based on that Rule 74.04(c) record, not the whole trial court record. [3] Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record*. [4] Summary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone*. Taken together, these summary judgment principles require a court to determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate movant's right to judgment *regardless of other facts or factual disputes*.

*Green*, 606 S.W.3d at 117–18 (internal citations and quotation marks omitted.)

"[T]his Court reviews the circuit court's grant of summary judgment *de novo*. But this standard of review does not alter that appellants always bear the burden of establishing error whatever the standard of review." *City of De Soto v. Parson*, 625 S.W.3d 412, 416 n.3 (Mo. banc 2021) (internal citation omitted). Appellants also "bear 'the burden to overcome many presumptions on appeal, including the presumption that the circuit court's judgment is correct.'" *Id.* at 416 (quoting *Lollar v. Lollar*, 609 S.W.3d 41, 45 n.4 (Mo. banc 2020)).

## Discussion

### Point 3 – No Error Established with Respect to Summary Judgment on Count I—Abuse of Process

In its third point, GS Hospitality contends that the circuit court erred in granting summary judgment in YAM Capital's favor on GS Hospitality's count I—abuse of process because YAM Capital had no right to judgment as a matter of law. GS Hospitality cites *Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC* as authority for the elements that a claimant is required to prove for an abuse of process claim: "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of

7

process; and (3) damage resulted." 585 S.W.3d 269, 277 (Mo. banc 2019) (internal quotation marks omitted).

Our discussion need only focus upon the first element and the circuit court's determination in its judgment "that GS Hospitality cannot meet its burden to prove YAM [Capital] employed an 'illegal, improper, perverted use of process, a use neither warranted nor authorized by the process.'" As relevant to that particular required showing:

> The test employed to see whether there has been a misuse of process is whether process had been used to accomplish some unlawful end or to compel the opposite party to do some collateral thing which he or she could not be compelled to do legally. Courts have found misuse of legal process when a party employs legal process in a manner technically correct, but for a wrongful and malicious purpose to attain an unjustifiable end or an object that the particular process is not meant to effectuate.

> But no liability attaches where a party has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil a motive he possessed at the time. To the contrary, in the rare cases in which a valid abuse of process claim will lie, there has been evidence the complained-about action was brought to obtain a result which the process was not intended by law to effect.

*Id.* at 278 (citations, quotation marks, and footnotes omitted).

Here, GS Hospitality admitted the material fact in YAM Capital's SUMF that "[o]n or about October 3, 2017, [GS Hospitality] executed a *Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing*, which was recorded on October 6, 2017, at Recorder's No. 2017L31514, in the real property records of Taney County, Missouri" ("Deed of Trust"). YAM Capital, in its brief, accurately observes that, in the executed Deed of Trust, GS Hospitality consented to waive any objection to an *ex parte* appointment of a receiver as follows:

> If, at any time after the occurrence on an Event of Default hereunder, the management or maintenance of the Property or the Personal Property shall be determined by [YAM Capital] to be unsatisfactory, [YAM Capital] shall have the right to . . . apply to a court having jurisdiction thereof for the appointment of a receiver by *ex parte* application for the Property and the Personal Property. . . . [GS Hospitality] hereby expressly waives, to the maximum extent permitted by

8

law, its right to object to the appointment of a receiver and hereby expressly consents that such appointments shall be a matter of absolute right to Lender.

GS Hospitality fails to address, much less establish, in this point, argument, or anywhere in its brief, why, in the context of the Rule 74.04(c) summary judgment record, it is not bound by this written consent to the *ex parte* circuit court appointment of a receiver or how, given GS Hospitality's contractual consent, YAM Capital made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process.

The only argument by GS Hospitality on appeal addressing this otherwise uncontroverted contractual consent appears in its reply brief, wherein it asserts that "any so-called consent was obviated" by an email exchange, occurring before YAM Capital filed its petition, in which YAM Capital proposed as part of a settlement proposal a stipulation for the immediate appointment of a receiver, which GS Hospitality refused. GS Hospitality's argument, however, comes too late in both the summary judgment process and the appellate process and, in any event, is nothing more than an unsupported legal conclusion.

GS Hospitality failed to timely raise the existence of these emails as an additional material fact that remained in dispute when it filed its response to YAM Capital's motion for summary judgment, as required by Rule 74.04(c)(2). As a result, these emails are not part of the Rule 74.04(c) summary judgment record and neither the circuit court nor this Court may look to the whole trial record to establish their existence. *See* **Green**, 606 S.W.3d at 117 (summary judgment determination and review is based on the Rule 74.04(c) record, not the whole trial court record.) Because "[f]acts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework" and the referenced emails were not included in that framework by GS Hospitality, they could not be considered by the circuit court in

9

determining the propriety of granting summary judgment and may not be considered by this Court upon appellate review of that determination. ***Id.***

Moreover, in the appellate process, new arguments on appeal may not be raised in a reply brief. ***Darks v. Jackson Cnty.***, 601 S.W.3d 247, 256 n.3 (Mo.App. 2020). An appellate court will not review an assignment of error made for the first time in a reply brief. ***Id.***

Nevertheless, even had GS Hospitality timely incorporated the relied-upon emails into the summary judgment record and had properly raised them in a claim of error in its initial brief, GS Hospitality fails to provide any legal argument, supported by citation to relevant legal authority, addressing and demonstrating how these emails serve as a legal basis to "obviate" its previous written contractual consent to the *ex parte* circuit court appointment of a receiver. In the absence of such a supporting legal argument and demonstration by GS Hospitality, it fails to establish any misapplication of law by the circuit court.

Because of GS Hospitality's failure to timely assert any cogent and cognizable legal argument challenging the uncontroverted material fact of its written consent to the *ex parte* appointment of a receiver, it fails to establish circuit court error in determining "that GS Hospitality cannot meet its burden to prove YAM [Capital] employed an 'illegal, improper, perverted use of process, a use neither warranted nor authorized by the process.'"

YAM Capital has a right to judgment on this claim if GS Hospitality cannot meet its burden to prove *any one* element of its claim. *See **ITT Commercial Fin. Corp.***, 854 S.W.2d at 381. On appeal, therefore, if the non-movant claimant appellant, such as GS Hospitality here, fails to establish circuit court error as to *any one* element of its claim, then the appellate court's inquiry is finished and the circuit court's adverse judgment on that claim should be affirmed. Any consideration of whether the circuit court erred in some other respect as to some other

10

element of the claim becomes moot because even if such error occurred, it would not require reversal of the circuit court's judgment on the claim. In this context, each of the circuit court's dispositive determinations on multiple elements of a claim is an independent basis upon which to affirm the circuit court's grant of summary judgment on the claim.

Because GS Hospitality has not established circuit court error in the court's determination "that GS Hospitality cannot meet its burden to prove YAM [Capital] employed an 'illegal, improper, perverted use of process, a use neither warranted nor authorized by the process[,]'"— the first element of the claim—GS Hospitality has failed to establish circuit court error in granting summary judgment in YAM Capital's favor on count I—abuse of process. Accordingly, GS Hospitality's third point is denied.

### Point 4 – No Error Established with Respect to Summary Judgment on Count II—Breach of Fiduciary Duty

In its fourth point, GS Hospitality contends that the circuit court erred in granting summary judgment on count II—breach of fiduciary duty. The legal reason asserted for that claimed error is that "the existence of a fiduciary duty is a question of law; whether a breach of a fiduciary duty has occurred is a fact question." In support, GS Hospitality cites to and relies on *Western Blue Print Co., LLC v. Roberts*, which states that "[w]hen breach of fiduciary duty is asserted as a tort claim, as here, the proponent must establish that a fiduciary duty existed between it and the defending party, that the defending party breached the duty, and that the breach caused the proponent to suffer harm" and "[w]hether a fiduciary duty exists is a question of law, *while the breach of that duty is for the trier of fact to decide*." 367 S.W.3d 7, 15 (Mo. banc 2012) (emphasis added, internal quotation marks omitted).

The circuit court determined that "the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove" (1) "YAM [Capital] owed any fiduciary duty to GS

11

Hospitality"; and (2) "that the foreclosure sale was advertised and called, or otherwise conducted, in an unusual manner prejudicial to it, as it has not alleged any fact legally preventing the non-judicial foreclosure."

As to the second determination, the circuit court cited to *Sparks v. PNC Bank*, 400 S.W.3d 454 (Mo.App. 2013). That case provides that a trustee's duties "include an equal duty of fairness and impartiality to both parties [to a deed of trust] when accepting the direction by the mortgagee to sell the property." *Id.* at 458. "The duty of fairness and impartiality is breached only when the trustee, in disregard of a timely objection by one of the parties, proceeds to advertise and call the sale in an unusual manner prejudicial to that party and favorable to the other." *Id.* "When requested by the creditor to foreclose, the trustee may proceed without making any affirmative investigation unless the trustee has actual knowledge 'of anything which should *legally* prevent the foreclosure.'" *Id.* (quoting *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. banc 1974)).

While GS Hospitality's point and argument does not clearly articulate whether it is legally or factually challenging the circuit court's first determination, nothing in the point explicitly challenges the second determination, which, as a separate element of the claim, is an independent basis for granting summary judgment on the claim, s*ee* Point 3 discussion, *supra*. In its argument, GS Hospitality quotes from *Sparks* and points to an uncontroverted fact that it sent correspondence to the successor trustee objecting to the trustee proceeding to advertise and call the sale of the collateral. The objection was based upon a purported conflict of interest involving an attorney for YAM Capital. Then, after citing to *Western Blue Print Co., LLC*, GS Hospitality argues that the court "improperly determined as a matter of fact that there could not possibly have been a breach of the fiduciary duty for which [YAM Capital] was responsible"

12

because "[t]he fact conclusion was beyond the scope of the trial courts [sic] authority on a motion for summary judgment." Nothing in GS Hospitality's argument otherwise mentions or challenges the circuit court's second determination.

As to the circuit court's second determination, the only fact GS Hospitality addresses—that it sent a written objection to the trustee alleging a conflict of interest—is not one of the facts upon which the circuit court based its determination. The court determined that GS Hospitality could not meet its burden to prove that the sale was conducted in an *unusual manner* and has not alleged a *legal* reason preventing the foreclosure. Dooming its point, GS Hospitality does not address, much less challenge, any factual or legal basis for this determination or present any argument as to why it does not support summary judgment. To the extent that GS Hospitality intended to assert that its objection letter, standing alone, should have legally prevented the foreclosure, it fails to cite to any legal authority supporting such an argument or explain the absence of any such authority.

Therefore, absent a challenge to the circuit court's second determination, an independent basis for its grant of summary judgment on this claim, GS Hospitality cannot establish that the circuit court erred in granting summary judgment in YAM Capital's favor on count II—breach of fiduciary duty. Accordingly, GS Hospitality's fourth point is denied.

***Point 5 – No Error Established with Respect to Summary Judgment on Count III—Wrongful Foreclosure***

In its fifth point, GS Hospitality contends the circuit court erred in granting summary judgment in YAM Capital's favor on GS Hospitality's count III—wrongful foreclosure, in which it sought only damages against YAM Capital. The opinion of our supreme court in ***Holm v. Wells Fargo Home Mortgage, Inc.***, 514 S.W.3d 590 (Mo. banc 2017), which GS Hospitality cites to and acknowledges in its brief, is controlling.

13

As recognized in *Holm*:

> To maintain a tort action for damages for wrongful foreclosure, a plaintiff must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose. While the improper execution of a rightful foreclosure may be sufficient grounds for an *equitable* claim to set aside the sale, *damages* at law for wrongful foreclosure are only available when the foreclosure was absolutely void because the mortgagee had no right to foreclose at the time he attempted foreclosure.

*Id.* at 598 (emphasis added, citations and quotation marks omitted).

Here, GS Hospitality admitted the material fact in YAM Capital's SUMF that "[p]rior to April 1, 2020, [GS Hospitality] defaulted under the terms of the Deed of Trust." One of the circuit court's determinations in granting summary judgment on count III was that "it is undisputed that GS Hospitality was in default, such that GS Hospitality fails to meet at least one critical element of its claim."

GS Hospitality suggests in its brief that *Holm* is "unsound" because "there are many circumstances in which conduct of a foreclosure sale may be inappropriate and, indeed should be held void, and which have nothing to do with whether there was a default by a borrower prior to the efforts undertaken to conduct a foreclosure sale." GS Hospitality then suggests that "appellate court rulings relying upon a court created condition precedent to claim [sic] for wrongful foreclosure are narrow in scope and not well reasoned and should be abandoned." We must disregard GS Hospitality's suggestions, however, because "[t]his court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." *Kinder v. Missouri Dept. of Corrections*, 43 S.W.3d 369, 374 (Mo.App.2001) (citing Mo. Const. art. V, section 2 (1945)).

Therefore, because GS Hospitality's default under the Deed of Trust at the time foreclosure was begun is uncontroverted, GS Hospitality cannot establish that the circuit court

14

erred in granting summary judgment in YAM Capital's favor on count III—wrongful

foreclosure. *See Holm*, 514 S.W.3d 598. Accordingly, GS Hospitality's fifth point is denied.

***Point 8 – No Error Established with Respect to Summary Judgment on Count IV—Exemplary or Punitive Damages***

In its eighth point, GS Hospitality contends that the circuit court erred in granting

summary judgment in YAM Capital's favor on GS Hospitality's count IV—exemplary or

punitive damages. GS Hospitality concedes, however, that its eighth point cannot establish

circuit court error unless this Court also reverses the circuit court's summary judgment on any

one of the tort claims upon which exemplary or punitive damages were sought, i.e., count I—

abuse of process, count II—breach of fiduciary duty, or count III—wrongful foreclosure.

Because GS Hospitality's third, fourth, and fifth points, as discussed *supra*, failed to establish

circuit court error with regard to those predicate counts, GS Hospitality, by extension in its

eighth point, has also failed to establish error with regard to its derivative count IV.

Accordingly, GS Hospitality's eighth point is denied.

***Points 1, 2, and 7 – No Error Established with Respect to Summary Judgment on Count V— Declaratory Judgment***

In its first and second points, GS Hospitality challenges the circuit court's grant of

summary judgment in YAM Capital's favor on GS Hospitality's count V—declaratory judgment.

GS Hospitality contends, respectively, that (1) "the court did not have jurisdiction over [GS

Hospitality] or property of [GS Hospitality] when the receivership was entered"; and (2) "there

had been no prior determination on appeal, on the merits, of any issue of legal question and the

law of the case doctrine was not applicable[.]" Additionally, in its seventh point, GS Hospitality

challenges the circuit court's determination in support of its denial of GS Hospitality's partial

motion for summary judgment on count V that "Defendant's motion for partial summary

judgment fails to fully address Plaintiff's affirmative [defenses] to Defendant's Third Amended

Counterclaim[.]" GS Hospitality's contention is that YAM Capital's "affirmative defenses failed and were waived as a matter of law[.]"

As previously discussed under Point 3, *supra*, if GS Hospitality fails to establish circuit court error as to *any one* element of its claim for which the court determined made summary judgment in favor of YAM Capital appropriate under Rule 74.04, then we will affirm the circuit court's judgment on that claim. The corollary to that discussion is that to successfully achieve a reversal of summary judgment on count V, GS Hospitality is required, at a minimum, to establish that the circuit court committed error as to every independent basis upon which the court determined that summary judgment was appropriate under Rule 74.04. So, we turn first to the elements of a declaratory judgment claim and then to the circuit court's determinations related to those elements.

"A court may grant a declaratory judgment if presented with: (1) a justiciable controversy; (2) legally protectable interests; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law." ***Century Motor Corp. v. FCA US LLC***, 477 S.W.3d 89, 95 (Mo.App. 2015). Here, the circuit court made two, independent determinations addressing the first and the fourth elements. Respectively, they are "the Court of Appeals determined, and this Court has independently determined, the issue to be moot, such that GS Hospitality cannot meet its burden to establish the existence of a justiciable controversy" *and* "the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove that it lacks an adequate remedy at law."

GS Hospitality's first point is directed at general assertions that its due process rights were violated. Its second point addresses and argues the purported proper application of ***YAM 1*** under the law of the case doctrine. Arguably, these points are directed at the circuit court's first

16

determination that GS Hospitality cannot sustain its burden to prove the existence of a justiciable controversy. GS Hospitality's seventh point, to the extent it is reviewable at all,[3] challenges the circuit court's determination that GS Hospitality's motion for partial summary judgment did not fully address YAM Capital's affirmative defenses. Nothing in this point addresses or challenges either determination made by the circuit court as to GS Hospitality's inability to prove the first and fourth elements of its claim. None of GS Hospitality's first, second or seventh points, therefore, address or challenge the circuit court's fourth-element determination that "the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove that it lacks an adequate remedy at law."

"The lack of an adequate remedy at law is a prerequisite to relief via declaratory judgment." *City of St. Louis v. State*, 643 S.W.3d 295, 301 (Mo. banc 2022) (internal quotation marks omitted). GS Hospitality does not challenge or address the circuit court's determination in its presumed-correct judgment that GS Hospitality cannot meet its burden to prove this prerequisite. Because YAM Capital has a right to judgment if GS Hospitality cannot meet its burden to prove *any one* element of its claim, *see ITT Commercial Fin. Corp.*, 854 S.W.2d at 381, this unchallenged determination by the circuit court independently supports YAM Capital's right to judgment on this claim and the circuit court's grant of summary judgment in its favor on GS Hospitality's count V—declaratory judgment. Accordingly, GS Hospitality's first, second and seventh points are denied.

---

[3] "Generally, the denial of a motion for summary judgment is not a final judgment that may be reviewed on appeal." *Lopez v. American Family Mut. Ins. Co.*, 96 S.W.3d 891, 892 (Mo.App. 2002). "When the merits of that motion, however, are inextricably intertwined with the issues in an appealable summary judgment in favor of another party, then that denial may be reviewable." *Id.*

17

***Point 6 – No Error Established with Respect to Summary Judgment on Count VI—Civil Rights Violation***

In its sixth point, GS Hospitality contends that the circuit court erred in granting summary judgment in YAM Capital's favor on GS Hospitality's count VI—civil rights violation. GS Hospitality asserts that to prevail on a civil rights claim, a claimant is required to show "(1) that the defendant(s) acted under color of state law, *and* (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." ***Schmidt v. City of Bella Villa***, 557 F.3d 564, 571 (8th Cir. 2009) (emphasis added).

Here, the circuit court's judgment made determinations addressing both of the required elements. According to the court: (1) "the uncontroverted material facts establish that GS Hospitality cannot meet its burden to prove YAM acted under color of state law"; and (2)

> the uncontroverted material facts establish GS Hospitality consented in a signed writing to the *ex parte* appointment of receiver, was afforded a meaningful opportunity to be heard at a meaningful time, received that process to which it was due, and GS Hospitality cannot meet its burden to establish that it was deprived of a constitutionally protected federal right.

While GS Hospitality in this point and supporting argument identifies, discusses, and challenges the circuit court's determination addressing the first required element of its claim—YAM Capital acted under color of state law—it does not do likewise for the court's determination addressing the second element—deprivation of a constitutionally protected federal right. Rather, in challenging and arguing the first element of its claim under this point, GS Hospitality merely presupposes and assumes the existence of the second element. GS Hospitality fails to challenge or establish circuit court error in any of the court's expressed reasons based upon the Rule 74.04(c) record for its determination that GS Hospitality could not prove the existence of such a deprivation.

18

Without question, GS Hospitality generally and repeatedly asserts throughout its brief that it was deprived of its federal right to due process because it was not provided *advance* notice of the receivership proceedings. But GS Hospitality completely ignores the circuit court's determinations that the uncontroverted material facts establish GS Hospitality "consented in a signed writing to the *ex parte* appointment of receiver" and "was afforded a meaningful opportunity to be heard at a meaningful time." None of GS Hospitality's points or arguments under this point or any other point in its brief address or raise a challenge, in the context of the Rule 74.04(c) summary judgment record, as to why it is not bound by its uncontroverted written contractual consent to the *ex parte* court appointment of a receiver and thereby waived the due process rights it now so vigorously asserts or as to why its post-appointment challenge to the appointment of the receiver and the hearing thereon were in any way deficient or inadequate in affording it appropriate due process.[4]

Absent a cogent legal challenge to the circuit court's determination as to the second element of its claim, GS Hospitality has failed to establish that the circuit court erred in granting summary judgment in YAM Capital's favor on count VI—civil rights violation. *See Schmidt*, 557 F.3d at 571. Accordingly, GS Hospitality's sixth point is denied.

### *Point 9 – Challenge to Cancellation of Notice of Lis Pendens is Moot*

In its ninth point, GS Hospitality contends that the circuit court erred in granting YAM Capital's motion to cancel GS Hospitality's recorded notice of lis pendens because section 527.260[5] "provides an absolute right for the filing of a notice lis pendens in a civil action involving title or claim to real estate which is not subject to cancelation by order of the trial court until conclusion of the pending litigation by final judgment entered in the suit . . . ."

---

[4] The discussion of Point 3, *supra*, provides additional context and analysis on this issue.
[5] All statutory references are to RSMo (2016).

19

GS Hospitality, however, has failed to establish any circuit court error in entering its judgment in favor of YAM Capital and denying relief to GS Hospitality on all of the counts in its counterclaim. In that context, the alleged error in GS Hospitality's ninth point is moot because GS Hospitality cannot demonstrate it was prejudiced by any alleged circuit court error in cancelling its notice of lis pendens. Accordingly, GS Hospitality's ninth point is denied.

### YAM Capital's Motion for Attorney Fees

YAM Capital filed a motion for its attorney fees incurred in this appeal per the various loan documents between the parties. "Our Court may award a party reasonable attorneys' fees on appeal if they are authorized by written agreement that is the subject of the issues presented on appeal." *Frontenac Bank v. GB Investments, LLC*, 528 S.W.3d 381, 397 (Mo.App. 2017). GS Hospitality, in its response to the motion, does not challenge the contractual obligation under the loan documents. Rather, it asserts, unsupported by the record on appeal, a purported potential for a double recovery by YAM Capital. Accordingly, YAM Capital's motion for attorney fees is granted.

### Decision

The circuit court's judgment is affirmed. The case is remanded to the circuit court with directions to hold an evidentiary hearing to determine and fix an amount for YAM Capital's reasonable attorney fees on appeal and to enter judgment therefor. *See Hensley v. Shelter Mut. Ins. Co.*, 210 S.W.3d 455, 477 (Mo.App. 2007) (appellate court may defer authority to fix amount of attorney fees on appeal to the trial court that is in a better position to hear evidence and argument on this issue and to determine the reasonableness of the requested fees).

GARY W. LYNCH, C.J. – OPINION AUTHOR

MARY W. SHEFFIELD, P.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

20